SHEPPARD WESTCOTT *against* POWELL GARRISON and JACOB DANZENBAKER.

ON CERTIORARI.

1. Under the 18th section of the statute of 29th of November, 1788, (*Pat.* 84) relative to bank meadows, if the bank get out of repair, so that immediate repairs are necessary, and the person to whom that part of the bank

has been assigned, neglects to repair it, if any of the owners enter and make repair they may maintain an action against the person whose duty it was to repair.

2. Sufficiency of state of demand to recover under this section.

3. All intendments are to be taken in favor, and not against, a record. It is not enough to be in doubt, the error must be manifest, in order to reverse a judgment.

4. Not error to refuse to charge a jury when there is no question of law in dispute, or any point on which the charge is requested.

———

The opinion of the court was delivered by Justice FORD.

*L. Q. C. Elmer,* attorney for plaintiff.

FORD, J.  The first reason assigned for reversing this judgment is, that the state of demand does not contain a lawful cause of action.  The plaintiffs and defendant were three, among many owners of a tract of bank meadow, inclosed pursuant to the statute of 29th November, 1788. *Pat.* 84.  By agreement among all the owners, a certain part of the bank had been assigned to each one to be kept in repair.  To the defendant, Westcott, were allotted, definitely, 79 rods in length for his part, and ten rods thereof being suffered to get out of repair, so that the tide water flowed over the meadows and rendered immediate repairs necessary, and the defendant neglecting to do them, the plaintiffs, being two of said owners, entered and made the necessary repairs, under the 18th section of the said statute, (*Pat.* 87) which gives them an action to recover the expense of such repairs against the person whose duty it was to make them.  Such is, in substance, the state of demand, and, I think, it amounts to a lawful cause of action.

The second reason is, that the justice admitted illegal evidence.  The record states, " that the plaintiffs offered to prove by Michael Swing, that the owners of the meadow *all agreed,* that witness, Matthias Burch, and Daniel Parvin, Jun., should assign and set off to each owner

his share of the bank to keep up and maintain, and that the said persons *proceeded* to set off a certain part of said bank to the defendant; to which evidence the defendant objected, but the objection I overruled." Now the agreement of the owners, for having a certain part set off to each of them, must, where there is no proof or intimation to the contrary, be considered a *parol* agreement, and, therefore, competent and proper to be proved by the parol evidence of a witness. The only difficulty lies in the precise meaning of the following words : " that the said persons *proceeded* to set off a certain part of said bank to the defendant." I understand Michael Swing to have testified to no more than, that he and the other two persons took on themselves the burthen or duty of marking out each one's share. The plaintiffs do not seem to have relied on him for proving *how much* was allotted to the defendant, or in what part it *lay*. For proof of these matters, the plaintiffs refer themselves, in their state of demand, "to the award in writing, under the hands of these three persons, dated the 20th of November, 1817," almost in the manner of a *profert;* and I am not satisfied that the record means to say, that Michael Swing gave evidence, by parol, of the contents of the award. What he did say or do is not put down, but only what he *undertook,* or proceeded to do. All intendments are to be taken in favor, and not against the record. It is not enough to be in doubt, the error must be a manifest one in order to reverse a judgment.

The third reason is, that the justice refused to charge the jury, although requested to do so by the defendant. But there does not appear to have been any question *of law* in dispute, nor any point on which his charge was requested. It cannot be an error not to charge the jury when there is nothing to charge them about.

Let the judgment be affirmed.