### AYRES AND OTHERS ads. BARTLET.

A certiorari may be brought to this court to remove proceedings in attachment, before any appearance has been effected by the defendant.

The writ of certiorari cannot be used, merely for the purpose of removing the suit into this court to be proceeded in here.  It must be for the correction of some error in the proceedings below.

---

A writ of attachment in this case was returned to the last October Term of the Common Pleas of Bergen.  The defendant's first default was then recorded, and auditors appointed. In the January term then following, the second default was re-

corded: since which this certiorari was sued out and returned to this court; thereby interrupting the progress of the suit, in the Common Pleas.

*W. Pennington,* for defendant in certiorari, moved that the writ be quashed or dismissed, as unduly and improperly issued. 1. Because the defendant in attachment has not appeared to the suit; and is not therefore in a situation to be heard on certiorari or otherwise. 2. Because there have been no proceedings in the court below, to be reviewed here; no final order or judgment entered, nor any motion or rule granted, or refused, in opposition to the defendants in attachment; and 3, on the ground, that a certiorari does not lie, in such a case, merely for the purpose of changing the jurisdiction, and without assigning some error in the proceedings below.

*Scudder,* contra.

BY THE COURT. The first objection taken by the counsel for the defendant, cannot be maintained. If this court should refuse a certiorari for the purpose of correcting a misuse or abuse of the writ of attachment, until the defendant has appeared to the suit, and put in special bail, the greatest injustice and oppression might be practised under color of law.

The writ of attachment can be resorted to only in certain specified cases; and when used as a remedy, it must be in the manner prescribed by the statute. If not strictly pursued, all is a nullity, and *coram non judice,* and objections may be taken in any stage of the cause.—*Per Ld. Mansfield in Hartley* v. *Hooker, Cowp.* 523.

Certioraris have been repeatedly brought in this court to remove proceedings in attachment, before any appearance had been effected by the defendant. The case of *Jeffrey* v. *Woolley,* 5 *Halst.* 123, is one. The defendant, as in this case, had been twice called and his second default recorded, when the cause was removed by certiorari into this court. In *Peacock & al.* v. *Wildes,* 3 *Halst.* 179, the suit on attachment, had proceeded to judgment in the absence of defendant on his third default, when the certiorari was brought. The case of *Branson* v. *Shinn,* 1 *Green* 250, is another instance in which a defendant was relieved upon certiorari before appearing to the suit below.

The second and third objections are well taken. The writ

of certiorari cannot be used, merely for the purpose of removing the suit into this court, to be proceeded in here. It must be for the correction of some error in the proceedings below. In *Dickerson* v. *Simms*, *Coxe* 199, the defendant filed bail, yet the auditors proceeded and made their report. Filing bail put an end to the attachment, and the court of Common Pleas ought to have quashed it; and it was so decided in this court on certiorari. In *Cory* v. *Lewis*, 2 *South*. 846, the Common Pleas of Morris, had made a final order dismissing the attachment; that decision was appealed from on a certiorari out of this court, and the proceeding reversed. In matter of road, 3 *Halst*. 139, the writ was refused as premature : the proceeding complained of not having been consummated; and in the case of *Peacock & al*. v. *Wildes*, 3 *Halst*. 179, there had been judgment on the attachment below, before the certiorari was brought. So in *Jeffrey* v. *Woolley*, there had been a decision in the Common Pleas which the party complained of. Jeffrey had moved to quash the writ for certain reasons, and the court had refused to do so. In the *Bank* v. *Merritt*, 1 *Green* 131, the certiorari was brought to reverse the decision of the Common · Pleas dismissing the attachment; and in *Branson* v. *Shinn*, *ibid* 250, the court below had overruled a motion to set aside the attachment. But in the case now before us, nothing has been applied for in the Common Pleas, which was refused to the party bringing the certiorari, nor any rule or order made which was resisted by him. No error is assigned; no irregularity complained of. The effect of this writ, if it is retained, will be simply to draw the suit into this court, and take it away from a court of competent and concurrent jurisdiction.

In *Zinck* v. *Langton*, *Dougl*. 721; and in a note to that case, p. 723, Lord Mansfield said, "Such a writ cannot be sued out, without laying a ground for it;" "and as the writ had been sued out in that case, without laying any ground, it had issued improvidently and must be superseded."

It is true, in the case of *Cross* v. *Smith*, 1 *Salk*. the court said that "in the case of a customary proceeding by foreign attachment, if the defendant cannot find bail below, he may bring a certiorari, and on putting in bail above, the cause shall go on there.". But the Mayor's or Sheriff's courts, in which

such proceedings are instituted in London, are, strictly, *inferior* courts, and of limited territorial jurisdiction. In this case however, the defendant has not put in bail, nor offered to do so.

We all think the certiorari must be dismissed out of court, and the record remitted to the Common pleas of Bergen, to be proceeded in according to law.