## APRIL TERM, 1848.

### DEN EX DEM. RUTHERFORD v. FEN.

1. Granting or refusing rules resting in discretion, is not the subject of a writ of error.

2. In actions proceeding according to the course of the common law, there must be a judgment or some order or award in the nature of a judgment to sustain a writ of error, though it may be sufficient if judgment for costs only.

3. Error will not lie upon a mere entry in the minutes of the court below discharging a rule improvidently granted, and declaring a cause out of court in consequence of the laches of the plaintiff, who had permitted the cause to sleep for nearly nineteen years, thereby no judgment for costs.

Error to the Supreme Court.

The case fully stated and the decision of the court below will be found in *Spencer's Reports p.* 299.

*W. L. Dayton,* moved to dismiss the writ on the ground that this was not a case in which a writ of error would lie. The return made shews that there was no judgment in the court

below. The supposed transcript simply contains divers rules of court, by which it appears that the court below, in the exercise of its discretion, finally held the cause to -be discontinued, the plaintiff having taken no steps in the cause for nearly nineteen years. The counsel of the plaintiff must have understood that error would not lie on the order of the court which declared that the cause had been discontinued and was out of the court; for one year after it had been so declared, he applied for an amendment of the rule and to have it made a judgment of nonsuit for the very purpose of bringing a writ of error. There is no judgment, not even for costs; no fiat for judgment, nothing in the nature of a judgment; mere entries in the minutes of the court. The court, in its discretion, refused to aid the plaintiff in the prosecution of his suit, refused to grant rule extending the demise, and then declared the cause to have been discontinued by the laches of the plaintiff. Granting or refusing rules resting in discretion, is not the subject of error.

This court has gone further in a class of cases not according to the common law, where error has been maintained upon a definite sentence, not technically a judgment, but final in the cause. The cases cited in this state are mostly cases out of the common law course of proceeding, where writs of error have been sustained in this court in order to maintain the right of review; causes not being reviewed in this court by writs of *Certiorari*. But even in such cases the judgment must be final and settle the rights of the parties. *Yates* v. *The People*, 6 *John.* 402, was a mere political case. Here the attempt is to bring a writ of error upon a mere side bar rule, in a common law action, there being no judgment, in regard to matter lying in the discretion of the court below. Cited 1 *Archb. Pr.* 230 (*Ed.* 1838;) *Clason* v. *Shotwell*, 12 *John.* 31; *Mayo* v. *Parsons*, 1 *Str.* 391; *The Camden Election Case*, decided in this court at the April Term, 1847.

*Potts*, and *Vroom*, contra. The right of review exists upon any entry which finally disposes of the cause. Cited *Stansbury* v. *Squier*, 2 *South.* 861; *Lawrence* v. *Dickey*, 7 *Halst.*

368 ; *Evans* v. *Adams,* 3 *Gr.* 373 ; *Norcross* v. *Boulton,* 1 *Har.* 310 ; *Taylor* v. *Griswold,* 2 *Gr.* 223 ; *Ib.* 253 ; *Yates* v. *The People,* 6 *John.* 337, 402 ; *Classon* v. *Shotwell,* 12 *John.* 64 ; *King* v. *Simmonds,* 7 *Q. B.* 289, 315.

CARPENTER, J.   A writ of error properly lies only in case of common law proceedings, in actions commenced by writ, to review some supposed error in the final judgment of a court of record.   It is true that the technical phraseology, *consideratum est,* is not necessary to constitute such judgment as will support a writ of error : it is sufficient if it be in its nature and effect a final judgment.   Thus it lies upon nonsuit, there being a judgment for costs.   *Com. Dig.* "*Pleader*" (3 *B.* 7 ;) 2 *Halst.* 288. So it would seem on *non pros.* or discontinuance for the same reason, when the judgment has been entered of record.   *Mayor of Macclesfield* v. *Gee,* 13 *M. & W.* 470, 474.   In proceedings according to the course of the common law in courts of record, the rule seems to be that error will lie, and lie only where there is a final judgment, though it be for costs merely.   There must be a judgment or an award in the nature of a judgment.   1 *Archb. Pr.* 230.

There is nothing in the case in the nature of a final judgment. No costs are recovered ; no judgment made up and signed, or which ought to have been entered of record and signed.   Error has been assigned upon mere side bar rules, and those in relation to matters resting in the discretion of the court.   There is no judgment, but the court having vacated the rule extending the demise which had been improvidently granted, then refused to continue the cause and dismissed the suit.   The court refused to lend its aid to the plaintiff and dismissed the suit ; because in the exercise of its discretion it chose to consider the cause discontinued by the unreasonable chasm in the proceedings of the plaintiff, the cause having slept for more than eighteen years.   It is true had the defendant asked for, and the court have given judgment for costs, the matter might have stood, so far as the present motion is concerned, upon a different footing.   A writ of error might lie in such case, although probably of no avail for the purpose sought by the plaintiff, as matters resting in discretion cannot be assigned for error.

Den d. Rutherford v. Fen.

*Evans* v. *Adams*, 3 *Green* 373, and *Norcross* v. *Boulton*, 1 *Har.* 310, were relied on as authorities in support of this writ. Those cases had proceeded to final judgment, and error was assigned upon the outbranches of the record. Although difficult to reconcile them with the established principles regulating writs of error, still the view taken seemed necessary in order to preserve the right of review. Much however was said in the case of *Evans* v. *Adams*, to which I cannot subscribe, and particularly as to the grounds upon which writs of error there cited, had been sustained in this court, when not sustainable at common law. This court reviews and rectifies error in the Supreme Court, and it exercises this revising power solely by writ of error. Proceedings summary in their character are therefore the subject of review by writs of error, because writs of *Certiorari* to review such proceedings do not issue out of this court. Thus judgment of amercement against a sheriff, a summary proceeding not according to the course of the common law, which is the case of *Stansbury* v. *Squier*, 2 *South.* 861. Similar proceedings in the Pleas are reviewed in the Supreme Court, not by writ of error but by writ of *Certiorari*. *Kline* v. *Pemberton*, 2 *Halst.* 438; *Lawrence* v. *Dickey*, 7 *Ib.* 368. I am of the opinion that the writ should be *quashed* or dismissed.

The court dismissed the writ of error.

*For Dismissal*—WHITEHEAD, CARPENTER, RANDOLPH, SPEER, SCHENCK, PORTER, SPENCER, and McCARTER—8.

*Contra*—The CHANCELLOR—1.

CITED *in Woodruff* v. *Chapin*, 3 *Zab.* 559.