## NOVEMBER TERM, 1867.                    365

State, Wilson et al., pros., v. Mayor, &c., of City of Hudson.

THE STATE, JOHN M. WILSON AND OTHERS, PROSECU-
TORS, v. THE MAYOR AND COMMON COUNCIL OF THE
CITY OF HUDSON.

On *certiorari* to set aside an assessment for improving sidewalks in the
city of Hudson, it is not the province of this court to inquire whether
the assessment was for a larger quantity of work than had actually
been done, or whether the street had been graded according to con-
tract. The office of the writ of *certiorari* is to correct errors of law,
and not to settle disputed facts.

On *certiorari* to the mayor and common council of the city
of Hudson.

Argued before Justices BEDLE and DALRIMPLE.

For the prosecutors, *J. R. Wortendyke.*

For the defendants, *R. D. McClelland.*

The opinion of the court was delivered by

DALRIMPLE, J.  This *certiorari* is prosecuted to set aside
an assessment of the costs, charges and expenses of grading,
regulating, and flagging sidewalks, &c., of Clinton street, in
the city of Hudson.

An ordinance was duly passed on the eighteenth day of
May, 1864, authorizing the improvement.  The proper pre-
liminary steps having been afterwards taken, a contract for
the work was entered into.  After the improvement was
completed, the city authorities duly accepted the work, and
proceeded to assess the expenses on the lands benefited,
as required by the city charter.  The assessment having
been made and reported to the common council, the prose-
cutors, or some of them, protested against its confirmation,
upon the ground that there had been an allowance for more
work than actually done, and also because certain por-
tions of the work had not been done in the manner re-

quired by the contract. They insisted that there had been an allowance to the contractor for too large an amount of excavation and filling—that the flagging was not of the required thickness—that a stone culvert across one of the intersecting streets was not large enough, and that the street was not graded in accordance with the grade map and specifications referred to in the contract. By the terms of the contract, the contractor was to be paid as the work progressed, in improvement certificates, issued by the city, in sums of not less than five hundred dollars each, upon the certificate of the city surveyor, and upon approval of the work by the committee on streets; provided, however, that one-third of the money that should become due upon the contract should be retained by the city as security for the completion of the work, until the same should be completed and accepted by the common council. After the protest or remonstrance of the prosecutors was filed, the common council appointed a committee to investigate the matter, and afterwards referred the assessment back to the commissioners for re-examination and further consideration. Eventually the assessment was confirmed as originally made.

Two objections are now urged against it:

*First.* It is said to be illegal, because it includes a larger quantity of work than actually done. A mass of evidence has been taken to support this proposition, and to show that the quantity of rock and earth excavation and earth filling, allowed by the commissioners, was far in excess of that actually done. But this is a grave question of fact, depending upon measurement and actual observation, and in the decision of which the error, if any, was one of fact and not of law. It is not claimed that the assessment includes any kind of work not called for by the contract, nor that the commissioners acted upon erroneous principles. The rule of law governing this case, to wit, that the assessment should be made for the work actually done, according to the contract price, was very simple, and was recognized by all parties as the principle upon which the assessment was to be made.

The difficulty, if any, was to ascertain the precise quantity of work done. Upon this question of fact, the prosecutors were first heard, as provided by the city charter, before the commissioners, and again upon their written remonstrance, before the common council. They had, besides, another opportunity to be heard before the commissioners, on the reference back to them of the original assessment. If error has been committed, the remedy is not by appeal to this court on *certiorari*. The office of that writ is to correct errors of law, apparent on admitted or established facts—never to settle disputed facts. *Baldwin* v. *Simmons*, 4 *Halst.* 196; *Independence* v. *Pompton*, 4 *Halst.* 209; *Farley* v. *McIntyre*, 1 *Green* 190; *Ex'rs of Van Pelt* v. *Veghte et al.*, 2 *Green* 207; *Scott* v. *Beatty et al.*, 3 *Zab.* 256.

It was also stated that the assessment was bad, because the quality of the flagging used in the improvement was inferior to that specified in the contract. Here, again, the fact is in dispute. It has been settled adversely to the prosecutors, by the tribunals to which the decision of that question is by law referred. We cannot review their decision, in respect either to the quality or quantity of the work or materials, and substitute our judgment for theirs.

The *second* objection to the assessment is, that the street was not brought to the grade established by the common council, and required by the contract. The work has been accepted by the proper authorities, and the city is bound to pay the contractor the full amount of the assessment. The prosecutors, who have been assessed for the expenses of the work, because they are presumed to be benefited by it, cannot avoid their assessment upon the ground that the work has not been done in exact compliance with the terms of the contract. The city had authority to make the contract, and accept and pay for the work done under it. The doctrine that the tax-payer may, under such circumstances, repudiate the payment of his taxes, if, in the opinion of this court, the work has not been done according to contract, cannot be admitted. In the language of Chancellor Green, in the case of

*The State* v. *Jersey City,* 5 *Dutcher* 449, property owners "take the hazard incident to all public improvements, of their being faulty or useless through the incapacity or fraud of public servants." And he adds: "The pretext that the tax-payer shall avoid the payment of his assessment because the funds are injudiciously applied, is the worst form of repudiation." The principle contended for would seem to invalidate the tax, in case of any departure from the established street grade. If this were so, but few assessments for street grading could be collected. The doctrine has been pronounced unsound by the court of last resort, as well in the case already referred to, as in the case of *Jersey City* v. *The State,* 1 *Vroom* 525.

I have not overlooked the forty-seventh section of the charter of the city of Hudson. (*Laws of* 1855, *p.* 792.) That section provides that any assessment made by any commissioners under the act, upon principles contrary to the law and the provisions of the act, may be reviewed, and for such cause set aside by the Supreme Court upon *certiorari,* and upon setting aside any such assessment, the court shall appoint new commissioners to examine into and report anew as to the part set aside, and the court may require the commissioners to certify specifically as to the principle on which their assessment was made, or may inquire into the same by affidavits to be taken for that purpose. We do not think that by any proper construction of this section, it can be made to mean, that this court shall, upon *certiorari,* be required to review the questions of fact upon which the city authorities have passed. The court is authorized to set aside an assessment made in violation of any rule of law, but for no other reason. Thus far the section is merely declaratory of the common law. The provision giving to the court power to ascertain by affidavit, or certificate of the commissioners, the principle on which the assessment was made, shows that the court is to deal only with the legal principles applicable to the case.

It may here be observed, that none of the prosecutors complain that by the adoption of any erroneous principle they have been charged with a larger proportion of the aggregate amount of the assessment than just. The only complaints, as already noticed, are as to the quantity and quality of the work and the grade of the street.

We would willingly investigate and decide the questions of fact involved, if we could do so without violating a legal principle which we consider well established. The quantity and quality of the work have been ascertained by the city officials, acting within the scope of their authority. It is not within our province to interfere with their determination of these matters, which are of fact and not of law.

The assessment must, therefore, be affirmed with costs.

CITED in *State* v. *Hudson City*, 5 *Vroom* 29.