STATE, LORENZO U. ELDER, PROSECUTOR, v. THE DISTRICT MEDICAL SOCIETY OF THE COUNTY OF HUDSON, IN THE STATE OF NEW JERSEY.

1. *Certiorari* is the proper writ to bring up the final adjudication of special statutory tribunals, which act in a summary way, different from the course of the common law.
2. Such writ will not lie before judgment, in cases which cannot be continued or completed in this court.

---

Proceedings under the medical society's act having been instituted by the defendants against the prosecutor, upon a certain charge of immoral and unprofessional conduct, an application was made to a justice of this court, pending the said proceedings, for the allowance of a writ of *certiorari* to remove the same into this court.

State, Elder, pros., v. District Medical Society of Hudson County.

The writ was allowed. By the return thereto, and by affidavits taken under authority of the board, it appeared that the proceedings in the special tribunal against the said prosecutor had not been determined, and final judgment given thereon, before the allowance of the said writ of *certiorari;* whereupon the counsel of the defendants moved to dismiss the writ, on the ground that such writ would not lie to remove the proceedings until final action had been taken by the special tribunal in which they were instituted.

The case came up for hearing at the Term of February, 1871, and was argued before Justices SCUDDER and VAN SYCKEL.

For the prosecutor, *F. B. Ogden.*

For the defendants, *Gilchrist, Attorney-General.*

VAN SYCKEL, J. The prosecutor, who is a member of the Hudson County Medical Society, having been tried before the society for a violation of professional ethics, caused the proceedings against him to be removed to this court by *certiorari,* where motion is now made to dismiss the writ because no judgment had been rendered by the inferior tribunals, and that, therefore, the writ will not lie.

A writ of *certiorari* is in the nature of a writ of error, and is resorted to in those cases where a writ of error does not lie. When courts act in a summary way, or in a new course different from the common law, a *certiorari,* and not a writ of error, is the proper remedy.

There is no doubt of the power of the Supreme Court, by virtue of the common law writ of *certiorari,* to review the final adjudications of special statutory tribunals, which act in a summary way, different from the course of the common law. 1 *Archbold's Pr.* 229 ; *Groenwelt* v. *Burwell,* 1 *Salkeld* 263 ; *Phillips* v. *Phillips,* 3 *Halst.* 122.

There is no power in this court to continue or complete the proceeding which has been instituted in the special tribunal created by positive law.    The question to be tried cannot be withdrawn from that forum, nor can it be denied the right to terminate the proceedings which have been initiated before it.

The only legitimate use of a *certiorari* is, to subject to review in this court the final decision of the inferior jurisdiction.    If parties are permitted to invoke its aid at any time during the progress of their cause, it would lead to consequences which are inadmissible.    If the writ may issue before judgment, it may go at any and every stage of the case.    At every single step in the cause it might be certified into this court, and when a final determination was reached in the tribunal below, after this court had adjudicated the various questions which might be started, and after delay almost interminable, the case would be subject again to review after such final judgment.

The authorities are against the use of the common law writ of *certiorari* before judgment, in cases which cannot be continued or terminated in the court above.

In *Rex* v. *Nicolls*, 2 *Strange* 1227, the *certiorari* was quashed, because it issued before judgment.

In the case of *Groenwelt* v. *Burwell*, 2 *Salkeld* 144, the proceedings of the censors of the College of Physicians were not removed until after they had condemned Dr. Groenwelt, and passed judgment upon him; and in an action of trespass between the same parties, growing out of the case last cited, reported in 1 *Comyn* 80, Chief Justice Holt, in speaking of the way in which the action of the censors might have been reviewed, says that the doctor might have had a *certiorari* to remove the record of conviction, and then it might be examined and reviewed ; but it was not even suggested that a review could have been had before judgment.

In New York it is well settled that *certiorari* never lies to remove a civil proceeding before an inferior magistrate, who has jurisdiction, by statute, until after judgment final.    *Lynde* v. *Noble*, 20 *Johns.* 83 ; *People* v. *Supervisors*, 43 *Barb.* 237.

The only authorities cited to justify the granting of the writ in this case, are those cases in this state which have settled the practice that *certiorari* to remove proceedings in forcible entry and detainer, and proceedings before a justice of the peace under the act of March 4th, 1847, may be allowed before the trial below. In *Muirs* v. *Sparks, Southard* 369, which was an action of forcible entry and detainer, Justice Southard said he was not satisfied with this practice, but yielded to it, because it had theretofore received the sanction of the court.

These cases are undoubtedly exceptional, and a departure from the general rule, but even then the writ is not used until the final determination below.

I find no authority for certifying into this court for review the proceedings now in question, before judgment, and therefore the writ should be quashed.

Justice SCUDDER concurred.

CITED *in State, Hoey, pros.,* v. *Collector,* 10 *Vr.* 75.