GOODMAN WAREHOUSE CORPORATION, A CORPORATION OF NEW JERSEY, PROSECUTOR, v. MAYOR AND ALDERMEN OF THE CITY OF JERSEY CITY, AND THE BOARD OF COMMISSIONERS OF THE CITY OF JERSEY CITY, JOHN F. KENNEDY, THOMAS J. CARROLL, FRANK M. MARTENS, COMMISSIONERS OF ASSESSMENT OF THE CITY OF JERSEY CITY, AND THE CIRCUIT COURT OF THE COUNTY OF HUDSON, RESPONDENTS.

Argued October 8, 1925—Decided February 5, 1926.

1. Chapter 72 of the laws of 1925 construed to apply to proceedings respecting a local improvement instituted prior to the adoption of the act.
2. An act is not illegal because it changes the method of procedure during the pendency of proceedings relating to a local improvement instituted under chapter 152 of the laws of 1917 (known as the Home Rule act).
3. Chapter 72 of the laws of 1925 *held* constitutional.
4. The appeal given in first-class cities to the Circuit Court to review the awards made in proceedings for a local improvement under chapter 152 of the laws of 1917, and the amendments thereto, is not a trial *de novo.* The review is based upon the testimony taken before the commissioners of assessment. No testimony should be taken before the Circuit Court upon the question of the value of the property taken, or damages.
5. Where the Circuit Court is sitting as a special or statutory tribunal *certiorari* is the proper remedy for the review of the action of the Circuit Court.

On writ of *certiorari*.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the prosecutor, *Aaron A. Melniker* (*Nathan L. Goodman,* of counsel).

For the respondents, *Thomas J. Brogan* (*Frank J. Reardon,* of counsel).

The opinion of the court was delivered by

KATZENBACH, J. This case is before us on a writ of *certiorari* directed to the municipal corporation, the mayor and aldermen of the city of Jersey City, the board of commissioners thereof, the commissioners of assessment and the Circuit Court of the county of Hudson. The writ brings up for review the proceedings relating to the taking by condemnation of the property of the Goodman Warehouse Corporation, a New Jersey corporation (hereinafter called the prosecutor), under the provisions of an ordinance for the widening of Bergen avenue, in Jersey City, between Bergen Square and Montgomery street. The prosecutor is the owner of lands fronting seventy-two feet on the easterly side of Bergen avenue. On June 27th, 1922, the board of commissioners of Jersey City adopted an ordinance for the widening of Bergen avenue. This improvement required the taking of a part of the lands of the prosecutor. On June 30th, 1922, the ordinance and map were filed with the commissioners of assessment. On June 13th, 1923, the commissioners of assessment gave notice to the prosecutor of a hearing to be given on June 27th, 1923, to determine the value of the prosecutor's lands to be taken and the damages sustained by the prosecutor by reason of the taking thereof. On July 26th, 1923, a hearing was held. On June 17th, 1925, the commissioners of assessment reported their awards to the Hudson County Circuit Court. The corporation was awarded the sum of $17,707.49. This award was for the lands taken. No damages were allowed by the commissioners of assessment. On June 30th, Judge Ackerson, of the Hudson

County Circuit Court, made an order that he would hear and consider objections to the report of the commissioners of assessment. Pursuant to this order a hearing was given to the objectors. The prosecutor filed objections. On July 22d, 1925, an order overruling the objections of the prosecutor and affirming the report was entered. The writ brings up these proceedings.

The original act under which these proceedings were taken is chapter 152 of the laws of 1917. The procedure in the matter of local improvements as set forth in article 20, section 23, provides "such officer or board shall make an award for lands and real estate to the owner or owners thereof * * * in the same manner as is herein provided for the making of assessments * * *." The manner referred to in section 23 will be found under section 27 of article 20, which provides that the officer or board charged with the duty of making assessments shall certify the same to the governing body, which, after considering the same, may adopt and confirm the same either with or without alteration as may seem proper. Section 23 of article 20 also provides for the method of appeal to the Circuit Court and for a trial by jury to assess the damages anew. This was the state of the law at its original adoption in 1917. Section 23 has been amended by chapter 163 of the laws of 1918, chapter 195 of the laws of 1921, chapter 112 of the laws of 1923, chapter 228 of the laws of 1924 and chapter 71 of the laws of 1925. Chapter 72 of the laws of 1925 is a supplement to the 1917 act. The present proceedings were instituted in 1922. The procedure then was (a) adoption of ordinance; (b) determination of value of lands and damages by the commissioners of assessment; (c) objections to awards filed with the governing body of the municipality which heard the same; (d) appeal by the aggrieved property owners to the Circuit Court where they were given a jury trial. Chapter 228 of the laws of 1924 amended the act so that the Circuit Court had the power to hear and determine the objections filed by the aggrieved property owners without a jury. Chapter 71 of the laws of 1925 amended the act so as to provide for certification of the awards to the governing body. An appeal was then given from the governing body

to the Circuit Court and a jury. This practically restored the situation as it was in 1922. On the same day that chapter 71 of the laws of 1925 was passed, the legislature passed the supplement to the 1917 act known as chapter 72 of the laws of 1925, which provided that in first-class cities the commissioners of assessment should certify their awards to the Circuit Court, and that the Circuit Court should then affirm or reject the same. Trial by jury was thus eliminated. In the present case the procedure outlined in chapter 72 of the laws of 1925 was followed.

The prosecutor makes no complaint as to the regularity of the adoption of the ordinance or of the reference of the map and ordinance to the commissioners of assessment. The prosecutor's complaint is as to the inadequacy of the award, the certification thereof to the Circuit Court instead of to the governing body of Jersey City, and the assumption of jurisdiction by the Circuit Court in affirming the award.

The case of the prosecutor centers upon the construction and validity of chapter 72 of the laws of 1925. The respondents have followed the procedure set forth in chapter 72 of the laws of 1925. The prosecutor contends that this procedure is erroneous, because chapter 72 of the laws of 1925 by its express terms applies only to cases where the improvement ordinance was introduced after the passage of this act, and does not apply to cases like the one under consideration, where the improvement had been undertaken prior to the passage of the act. The prosecutor relies, to support its argument, upon the use of the word "hereafter" in the following portion of the statute: "Hereafter in cities of the first class in this state, when any improvement ordinance shall require the taking of lands or real estate, or any right or interest therein of any owner thereof, the ordinance for that purpose, when introduced, shall state the location and character of the improvement proposed to be made, the lands and real estate to be taken therefor sufficiently described so as to be readily identified, and such ordinance shall be accompanied by a map prepared under the direction of the governing body, showing in detail the location and dimensions of such land proposed to be taken.

After the passage of such ordinance said map, together with a copy of the ordinance duly attested by the clerk of the governing body, shall be filed with the officer or board charged with the assessment for benefits in such city of the first class."

The prosecutor contends that the word "hereafter" means that the act can operate only in the future and not upon pending cases. When chapter 228 of the laws of 1924 was expressly repealed by chapter 71 of the laws of 1925, which is an amendment to the act entitled "An act concerning municipalities, approved March 27th, 1917," there was embodied in the repealer a proviso in the following language: "Provided, however, that the repeal of said act shall not operate to vacate, impair or in anywise interfere with any proceeding or proceedings instituted pursuant to the provisions of said act, and all such proceedings shall be continued and concluded in the manner in said act directed." The prosecutor now argues that the saving language in the repealer only applies to proceedings instituted under chapter 228 of the laws of 1924. Such a contention would make it necessary to treat chapter 228 of the laws of 1924 as an independent statute. We think that it is not an independent statute. It is expressly stated in the title of chapter 228 of the laws of 1924 that it is an amendment of the act of 1917, and the language "no proceeding or proceedings instituted under said act" applies to the whole structure of the law of which chapter 228 of the laws of 1924 is a part. If chapter 228 of the laws of 1924 was to be construed as an independent and separate statute instead of an amendment, it would fail to set up any comprehensive scheme for the making of a local improvement. Chapter 71 of the laws of 1925 is not applicable to the present proceedings, because the saving clause in it continues in operation the provisions of chapter 228 of the laws of 1924 and the entire act of 1917 as amended.

The word "hereafter" in chapter 72 of the laws of 1925 is to be construed as making the act applicable from the date of its passage and not as applying merely to a local improvement commenced after the passage of the act. This act is

merely a change in the manner of procedure in the taking of lands for a local improvement. Acts which change the method of procedure after the institution of condemnation proceedings are not illegal for that reason. *Sandell* v. *Board of Conservation and Development et al.,* 101 *N. J. L.* 294; *affirmed, post, p.* 467.

The second contention of the prosecutor is that chapter 72 of the laws of 1925 is unconstitutional. There are several grounds advanced for this contention. The first ground is that the act violates paragraph 4 of section 7 of article 4 of the state constitution, which provides that every law shall embrace but one object, and that object shall be expressed in the title. The title of chapter 72 is as follows: "A supplement to an act entitled 'An act concerning municipalities,' approved March 27th, 1917." The prosecutor contends that the 1917 act concerning municipalities applies to all municipalities of the state, whereas chapter 72 of the laws of 1925 applies only to first-class cities, and that for this reason the title of the 1925 act is deceptive and defective. In support of this contention the prosecutor cites the case of *Beverly* v. *Waln,* 57 *N. J. L.* 143. This case has heretofore been cited to support the same contention. Mr. Justice Magie disposes of the prosecutors argument in the case of *Kennedy* v. *Belmar,* 61 *Id.* 20, in the following language: "The purport of the opinion in that case (Beverly *v.* Waln) is often misunderstood. The title of the act considered was 'An act relating to the cost of improving sidewalks in the cities of this state.' Mr. Justice Reed construed that title to express a purpose to legislate for all the cities of the state with respect to the cost of improving sidewalks, and concluded that the object of the act, which in its body was limited to cities of the third class, was not expressed in the title.

"So, the title of the act which was before this court in *Coulieri* v. *New Brunswick,* 15 *Vr.* 58, was construed to express a purpose to legislate for all cities in this state, and legislation affecting a single city was held not to be effective under such a title."

The situation in the present case is different. Chapter 72 is, as has been stated, a supplement to the act concerning

municipalities. The word "municipalities" includes cities of all classes as well as towns. A city of the first class is a municipality. The term "municipality" is all embracing. We, therefore, think that chapter 72 of the laws of 1925 is constitutional under the reasoning in the case of *Kennedy* v. *Belmar, supra.*

The second argument advanced by the prosecutor upon the alleged unconstitutionality of the act is that it violates the constitutional prohibition that the legislature shall not pass any private, local or special laws to lay out, open or alter roads or highways, or to regulate the internal affairs of towns and counties. An examination of the act shows that it is neither private, local or special in its nature. It does not provide for the laying out, opening or altering of any right of way. It does not seek to regulate the internal affairs of the city of Jersey City or any other municipality. Jersey City is under no compulsion to make the improvement under attack by the provisions of the act. The power is merely delegated to Jersey City to make the improvement if it so elects. We are of the opinion that the act does not violate the constitutional prohibition referred to.

The third contention of the prosecutor under this point is that chapter 72 of the laws of 1925 deprives him of the right of trial by jury. The act does take away a trial by jury, but this does not make the act unconstitutional because the prosecutor had no right to a trial by jury under the constitution. This question has been before our courts in numerous cases and it would be a work of supererogation to again go over the origin of trial by jury in this state in its relation to the subject of eminent domain. It is sufficient to say that the contention of the prosecutor has been decided adversely to it in the following cases: *Scudder* v. *Trenton Delaware Falls Co.,* 1 *N. J. Eq.* 694; *State* v. *Heppenheimer,* 54 *N. J. L.* 268.

The last reason advanced by the prosecutor in its attempt to show the act unconstitutional is that the classification is illusory. The act embraces all cities of the first class. It has been frequently held that for purpose of legislation cities may be divided into classes. We deem it unnecessary to

review the cases upon this subject as it has been so frequently discussed in reported cases. The case of *O'Hanlon* v *Calvert,* 88 *N. J. L.* 33, is in point, and cites other decisions upon the same subject. These decisions all support the classification made in the act under consideration.

The next point advanced by the prosecutor is that the taking of its property in June, 1925, at its value in 1922, is the taking without just compensation and in violation of the due process clause of the federal constitution. The proceedings were instituted in June, 1922, as previously herein stated. Hearings were held in June, 1923, and continued to April, 1924. The date when the commissioners of assessment received the ordinance, map and the resolution instructing them to proceed to hear the parties affected by the improvement, in our opinion, fixes the time of the taking. The value of the premises taken were ascertainable as of that date. If the argument of the prosecutor was acceded to, it would result in hopeless confusion, as property values are continually changing. The prosecutor was aware in June, 1922, of the fact that its property was to be taken for this improvement. The prosecutor also, in this connection, contends that the Circuit Court erred in its refusal to permit the taking before it of further testimony on the question of the damages sustained by reason of the taking of the prosecutor's lands. We think the position taken by the Circuit Court correct. *Robinson* v. *Edgewater,* 98 *N. J. L.* 205. The appeal given to the Circuit Court is for the purpose of reviewing the award. This review must be made upon the evidence taken and is in no sense a trial *de novo.*

The question as to whether the proper remedy in the present proceeding is by *certiorari* is raised. The respondents contend that the Circuit Court is a common law tribunal and that its judgments can only be reviewed by appeal. In our opinion *certiorari* is the proper remedy, as the Circuit Court in this case is sitting as a special or statutory tribunal in a special or statutory proceeding. *Hisor* v. *Vandiver,* 82 *N. J. L.* 303; *Gaskill* v. *Foulks,* 83 *Id.* 376.

The judgment of the Circuit Court is affirmed.