EDGAR A. KNAPP, PROSECUTOR, v. WARD KREMER, JUDGE OF THE DISTRICT COURT, ET AL., DEFEND-ANTS.

Argued October 5, 1926—Decided January 25, 1927.

The proceedings provided in the "Garage Keepers' Lien act," as amended (*Pamph. L.* 1922, *p.* 401; 1924, *p.* 425), for the trial of the right to lien and the ascertainment of the amount due the lien claimant, if any, are special and statutory, and are reviewable by *certiorari*.

On *certiorari*.

Before Justices PARKER, BLACK and CAMPBELL.

For the prosecutor, *Scott Scammell*.

The opinion of the court was delivered by

PARKER, J. The writ is directed to the proceedings and alleged judgment in the District Court of the First Judical District of the county of Monmouth, in a case arising under the statute commonly called the Garage Keepers' Lien act. *Pamph. L.* 1915, *p.* 556, as amended by *Pamph. L.* 1922, *p.* 401; *Pamph. L.* 1924, *p.* 424, and 1925, *p.* 96.

Knapp, the prosecutor, was the owner of a motor car, on which one Antick claimed a lien for repairs amounting to $15. Knapp disputed the bill, and Antick seized the car in virtue of the powers conferred by the statute. Knapp, acting under advice of counsel, tendered $8 as the amount to which he considered Antick justly entitled, and the latter having refused to accept that amount and deliver the car, Knapp, following the procedure laid down in section 2 of the statute as amended, deposited with the clerk of the District Court the amount claimed, plus $10 fixed by the statute to cover costs, which entitled him to the statutory writ of replevin to obtain possession of the car. That writ issued, and the car was taken by the officer and delivered to Knapp.

So far, as it seems, the procedure laid down in the statute was followed; from this point it was not. That procedure is purely statutory and not according to the course of the common law. From this stage the statute seems to treat further steps as an action brought by the lien claimant against the actor in the writ of replevin, whom it calls the "defendant." He is not required, in the first instance, to move further against the lien claimant, but this latter, within thirty days after the execution (or perhaps after the issue) of the writ of replevin, shall "file his state of demand or complaint with the said clerk, showing the amount claimed by him," and in such case the court fixes a date for trial and "gives judgment according to the facts." "If *no action is brought* within thirty days, or judgment should go for *defendant* (the actor in the writ) the court may order the return of the money * * *." Nothing is said about a jury; so far as appears, none is contemplated. The proceeding is not limited to District Courts, but may be instituted in "any court of competent jurisdiction in the county."

Antick, the lien claimant, did not file any complaint or state of demand within thirty days, or at all. Hence, at the expiration of that time, Knapp was entitled to an order refunding his money, but he discovered that the District Court, apparently overlooking the statutory procedure, had treated the matter as an ordinary replevin suit and entered up a judgment of nonsuit against Knapp for failure to file a state of demand which he was under no duty whatever to file.

This was, of course, clearly erroneous, and if now properly reviewed, should be reversed and set aside. Counsel for prosecutor urges that *certiorari* is the proper remedy and has devoted a good part of his brief to substantiating that view. There is no argument or brief in reply.

We think that *certiorari* is the proper remedy, but on somewhat broader grounds than those suggested in the brief, which are restricted to the review of a procedure in a District Court. Even in that narrow aspect, it was held by this court in *Marcus* v. *Graver*, 71 *N. J. L.* 95, that the exclusiveness of appeal to the Circuit Court, provided by sections 89, &c., of the District Court act of 1898, and held

unconstitutional in *Green* v. *Heritage,* 64 *Id.* 567, was inapplicable to appeals under the act of 1902 (*Pamph. L., p.* 565), and that said last act was in no way in derogation of the general powers of the Supreme Court to review by *certiorari;* but that the legislature intended to establish a concurrent method of review within certain limits.

But, apart from this, the statute should be considered in its general aspects. It confers jurisdiction upon "any court of competent jurisdiction in the county." The procedure, as already observed, is not according to the course of the common law. There is no declaration or complaint by the party suing out the writ, no avowry or cognizance by the other party, and if this latter fails to move within time, no judgment, but a mere order to return the money or a discharge of the bond if that has been given in lieu of deposit. No trial by jury is mentioned, and there is no provision in the act for a review. The whole thing is, apparently, summary, as much so as a statutory claim of property (*City Bank* v. *O'Mara,* 88 *N. J. L.* 499; *Reiman* v. *Wilkinson, Gaddis & Co., Id.* 383, 386), or a prosecution for illegal practice of medicine (*State Board* v. *Roche,* 102 *Id.* 262, and cases cited), or proceedings supplementary to execution. *Gordon* v. *Pannaci,* 90 *Id.* 392. In all these cases, *certiorari* is not only the appropriate, but the exclusive remedy, as well as in attachments under the Practice act reviewed in the Supreme Court (*Hisor* v. *Vandiver,* 82 *Id.* 303) and bastardy cases; *Borough of Spring Lake* v. *Shibla,* 101 *Id.* 441, in which the old English law is quoted and many of our cases cited. Even if the court be a common law court, yet, if it sit as a statutory tribunal under a special jurisdiction, in a course of procedure not according to the common law, the rules applicable to summary proceedings apply. *State* v. *Rosenblum,* 100 *Id.* 240; *affirmed,* 102 *Id.* 125.

We conclude, therefore, that in view of the special character of the procedure, of the remedy, of the trial, and of the absence of any indication of a method of review, cases arising under the act in question may be properly reviewed by *certiorari.* That course having been taken, and manifest error appearing, the proceedings subsequent to the issue and service

of the writ of replevin, including the alleged judgment, are set aside, to the end that prosecutor may be restored to his statutory rights and especially that his deposit be returned to him.

It is true that in prior cases, as for example, *Lanterman* v. *Luby,* 96 *N. J. L.* 255, and *Hare & Chase* v. *Gassner & Ackerly Motors,* 102 *Id.* 499, the review by appeal was followed, but the matter of review by *certiorari* was evidently not called to the attention of the court.

The prosecutor is entitled to costs.