[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 16 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 17 
An order made by the Judge of the former Mercer Court of Common Pleas discharging appellant from imprisonment in the State Prison under sentence upon a conviction of crime was vacated by the late Supreme Court on certiorari; and the prisoner appeals. The case is here pursuant to Article XI, section IV, paragraph 8 of the Constitution of 1947 and chapter 367 of the Pamphlet Laws of 1948.
The initial question for decision is whether the order of discharge was reviewable on certiorari at the instance of the State. Did the Supreme Court have jurisdiction of the judgment onhabeas corpus? We think it did.
Habeas corpus ad subjiciendum is a civil and not a criminal proceeding. Cross v. Burke, 146 U.S. 82, 13 Sup. Ct. 22,36 L.Ed. 896. It is a high prerogative common-law and not a statutory writ whose origin is lost in antiquity. State Bank atMorris v. Dickinson, 16 N.J.L. 354; Vannatta v. Morris Canaland Banking Co., 17 N.J.L. 159; In re Thompson,85 N.J. Eq. 221, 232, et seq. The statute was *Page 18 
not designed to bestow an immunity from arbitrary imprisonment, for that is secured by Magna Charta, if indeed, it were not even more ancient, but to provide summary relief against impairment of the fundamental right. R.S. 2:82-1 et seq.;Church on Habeas Corpus (2d ed.) section 25a. It is in aid of the jurisdiction to enforce the immemorial right of personal liberty; but the summary remedy thus provided is nevertheless a special jurisdiction whose exercise is on well-settled principles subject to review on certiorari.
Proceedings summary in their character are ordinarily reviewable by certiorari. Vanpelt v. Vegthe, 14 N.J.L. 207;Rutherford v. Fen, 21 N.J.L. 700; State v. Wood,23 N.J.L. 560; Taylor Provision Co. v. Adams Express Co.,72 N.J.L. 220; Jaudel v. Schoelzke, 95 N.J.L. 171; DefianceFruit Co. v. Fox, 76 N.J.L. 482, 486; Eder v. Hudson CircuitCourt, 104 N.J.L. 260. We quote Mr. Justice Van Syckel: "A writ of certiorari is in the nature of a writ of error, and is resorted to in those cases where a writ of error does not lie. When courts act in a summary way, or in a new course different from the common law, a certiorari, and not a writ of error, is the proper remedy." State, Elder, pros. v. District MedicalSociety of Hudson 35 N.J.L. 200. Chief Justice Hornblower said: "It is sufficient to say that a certiorari lies in all cases, unless taken away by the express words of a statute: Rexv. Mosely, 2 Burr. 1040: and not only, where there is another remedy, but even where an appeal is given upon the merits. Rexv. Mosely, 2 Burr. 1040. Kingsland v. Gould, 1 Halst R.
161, Middlesex election case, Coxe's R. 244. Ludlow v.Ludlow, 1 South. R. 389." New Jersey Railroad Transp. Co. v.Suydam, 17 N.J.L. 24, 40. Certiorari is "in the nature of a writ of error, to examine the legality of the commitment." Exparte Watkins, 3 Peters 201.
Where the judge exercises a special summary statutory power,certiorari is an appropriate remedy, especially where there is no indication of a mode of review. Peltier v. Pennington,14 N.J.L. 312; Westfall v. Dunning, 50 N.J.L. 459; Oetjen v.Hintemann, 91 N.J.L. 429. Here, the summary power to issue the writ is lodged in "the judge of a *Page 19 
court of common pleas." R.S. 2:82-14. And even if the court be a common-law court, yet, if it sit as a statutory tribunal under a special jurisdiction in a course of procedure not according to the common law, the rules applicable to summary proceedings apply. Defiance Fruit Co. v. Fox, supra; Knapp v. Kremer,103 N.J.L. 227; State v. Rosenblum, 100 N.J.L. 240, affirmed102 N.J.L. 125; Goodman Warehouse Corporation v. The Mayor andAldermen of Jersey City, 102 N.J.L. 294, affirmed133 Atl. 919. This is so if the statute declare the newly created tribunal to be a court of record; it is not thereby "to be assimilated to common law courts of record." Peltier v. Pennington, supra.
The office of the common-law writ of certiorari is to bring before the superior court for inspection the record of the proceedings of the inferior tribunal, to determine whether the latter had jurisdiction and had proceeded according to law. Errors of law as well as jurisdictional excesses are remediable on certiorari. In Bacon's Abridgement, the writ is defined thus: "A certiorari is an original writ issuing out of chancery or the King's Bench, directed to the judges or officers of inferior courts, commanding them to return the records of a cause depending before them, to the end that the party may have the more sure and speedy justice, before him or such other justices as he shall assign to hear the cause."
There are cases suggesting that when certiorari is given by statute, it lies to correct any legal mistakes; but where issued as at common law, the review is limited to the jurisdiction of the inferior tribunal. But this distinction would seem to be ill-founded. In the case of Jackson v. The People, 9 Mich. 111, it was said, apropos of this: "We have examined with much care all the English authorities within reach, bearing upon this subject, and have found nothing whatever to give color to such a distinction. There are indeed cases where a certiorari lies to examine errors generally, and others where it lies only to inquire into the jurisdiction; but the distinction arises out of very different considerations." It is there demonstrated, by comparison and analysis of the English cases, that "the usual office of the common-law writ (of certiorari) *Page 20 
is to inquire into something more than jurisdiction;" and that its function is to review questions of law, but not questions of fact. Again drawing upon the English cases, it is said that "in examining into the evidence the appellate court does so not to determine whether the probabilities preponderate one way or the other, but simply to determine whether the evidence is such that it will justify the finding as a legitimate inference from the facts proved, whether that inference would or would not have been drawn by the appellate tribunal."
Such is the nature of the writ of certiorari in New Jersey. Here, the common-law certiorari from early times performed the office of a writ of error, to review questions of law as well as of jurisdiction. Vanpelt v. Vegthe, supra; Ayres v. Bartlet,14 N.J.L. 330; Wood v. Fithian, 24 N.J.L. 838; State, Wilson,pros. v. City of Hudson, 32 N.J.L. 365; Coles v. Blythe,69 N.J.L. 666; Marcus v. Graver, 71 N.J.L. 95; Ryer v.Turkel, 75 N.J.L. 677; Sexton v. Newark District TelephoneCo., 84 N.J.L. 85, affirmed 86 N.J.L. 701. The inquiry is, did the inferior tribunal "mistake or misapply the law." Brownv. Ramsay, 29 N.J.L. 117. The power thus exercised through the prerogative writ of certiorari was comprised within "the appellate and extraordinary jurisdiction with which the Supreme Court, as the successor of the King's Bench, had been originally vested." Dufford v. Decue, 31 N.J.L. 302; Green v.Heritage, 64 N.J.L. 567; Smith v. Holzbauer, 68 N.J.L. 137. Of course, where certiorari issued to review the proceedings of a "special statutory tribunal," the former Supreme Court was enjoined by the statute to determine disputed questions of fact as well as of law. R.S. 2:81-8.
An order discharging the prisoner on habeas corpus is a final judgment reviewable on certiorari, if not by appeal or writ of error. This doctrine is supported by the great weight of authority. The cases are reviewed by the Supreme Court of Wisconsin in Crow's Case, 60 Wis. 349, 19 N.W. 713;
"The judgment of discharge, not actually void for want of jurisdiction to issue the writ, is a final judgment, and cannot be impeached collaterally. It can only be reviewed on error orcertiorari. Ex parte *Page 21 McGehan, 22 Ohio, (O.S.) 442; Hurd, Hab. Corp. 563; Exparte Millburn, supra, 9 Pet. 704; Com. v. McBride, 2Brewst. 545; Mathis v. Colbert, 24 Ga. 384. If it is the judgment of a court, a writ of error lies without any statutory provision; and if by a judge or court commissioner, acertiorari lies at common law. Com. v. Biddle, 6 Pa. Law J.
287. The attorney general may appeal or take the writ in case of discharge. Ex parte Lafonta, 2 Rob. (La.) 495; Waddington v.Sloan, 15 B. Mon. 147; State v. Potter, Dud. Law (S.C.) 296;Hurd, Hab. Corp. 575. A judge at chambers has plenary power and jurisdiction in writs of habeas corpus. In re Blair,4 Wis. 531. A county judge, as court commissioner, has jurisdiction to inquire into the legality of the commitment, but when jurisdiction is shown in the court to issue it, he cannot discharge for more errors or irregularities, but must remand the prisoner. This case was heard on certiorari. * * * Certiorari
will lie to a judge at chambers on habeas corpus proceedings to review his order remanding the prisoner, and the order will be reversed if this court finds that the court that issued the commitment had no jurisdiction." Vide Bailey on Habeas Corpus,p. 208, sec. 60; Church on Habeas Corpus (2nd ed.) p. 602.
The want of finality in an order remanding the prisoner has been considered as putting it beyond review by another tribunal. At common law, an order refusing to discharge the prisoner in a criminal case was not reviewable on error or appeal, for it was not deemed a final judgment and there "was in fact no need of such an appeal or writ of error, as a renewed application could be made to every judge or court in the realm." Ferris onExtraordinary Legal Remedies, sec. 56. Vide Church on HabeasCorpus (2d ed.), p. 601.
And R.S. 2:82-48 is not suggestive of a legislative purpose to withdraw from the State the right to a review on certiorari
of the validity of the prisoner's discharge on habeas corpus.
The act in terms grants the prisoner the right of review bycertiorari where a discharge is refused, and provides that "if on civil process either party may so remove;" but there is also a provision that "If a discharge has been awarded, the appeal (sic) shall not stay such discharge."
If it be conceded arguendo that the last provision has reference only to civil process, there is nevertheless no intimation of a legislative intention to impair or annul the State's preexisting right to a review on certiorari of an order discharging the prisoner. Rather it would seem that the *Page 22 
sole purpose was to grant such review to the prisoner whose discharge is refused. The cited statutory provision was originally incorporated into our statute law in the revision of 1877 (p. 475, sec. 53); and it would seem that the design was to render reviewable the order refusing the prisoner's discharge. Not long before the Court of Errors and Appeals declared it to be a vexed question whether an appeal or writ of error would lie "in a pure habeas corpus case." The State, Baird, pros. v. Bairdand Torrey, 19 N.J. Eq. 481, 488. A statute in derogation of the common law is to be strictly construed. It is inconceivable that the Legislature would undertake to lodge such vast summary power, concerned as it is with vital interests of society, in a single judge without judicial review to secure the integrity of the criminal process and to confine the exercise of such jurisdiction within the law. The acceptance of the interpretation thus propounded would constitute an impairment of the common-law power of review by certiorari reserved to the late Supreme Court by the Constitution of 1844; and this is inadmissible. Green v.Jersey City, 42 N.J.L. 118; Green v. Heritage, supra;Flanagan v. Plainfield, 44 N.J.L. 118; Traphagen v. WestHoboken, 39 N.J.L. 232; Marcus v. Graver, supra; Degenring v.Kimble, 115 N.J.L. 379. See, also, New Jersey RailroadTransp. Co. v. Suydam, supra; Kingsland v. Gould, 6 N.J.L. 161.
Thus we are brought to a consideration of the issue on the merits.
We concur in the reasoning of Mr. Justice Eastwood for the Supreme Court. The license to be at large granted to appellant by the Court of Pardons on June 25, 1946 was plainly limited in its terms to the judgment of conviction of robbery in the Bergen Quarter Sessions on March 20, 1940. The license to be at liberty given to appellant on June 19, 1939, covering the convictions of robbery and atrocious assault and battery with intent to kill had in the Essex Quarter Sessions on February 14, 1934, was revoked by the Court of Pardons on February 18, 1942; and under the statute appellant was subject to imprisonment for the service of the remainder of the sentences imposed upon the earlier convictions. *Page 23 R.S. 2:198-3 directs the revocation of such a license if the holder "has violated any of the terms, conditions or limitations thereof, or any penal law of this state, or of any other state, or of the United States." R.S. 2:198-4 provides for the arrest of the holder of the license, upon its revocation, "and his return to the place of confinement from which he was released thereunder," there to "be detained * * * according to the terms of his original sentence;" and if the discharge on license was from the institution in which the prisoner is confined on the later conviction, the warden or keeper of the institution is directed to "detain him therein according to the terms of his original sentence." Thus, the requirement of individuation in the issuance of such licenses is implicit in the statute so that, for one thing, the warden or keeper and others in authority will know what to do in the performance of their duties under the law; and it is to be presumed that the Court of Pardons had this in view.
The license to be at large has reference to the particular offense specified therein, and the sentence imposed upon the conviction thereof, and its operation is limited accordingly.
The judgment of the Supreme Court is affirmed.
For affirmance: Chief Justice VANDERBILT and Justices CASE, HEHER, OLIPHANT and BURLING — 5.
For reversal: None. *Page 24