THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. GEORGE SMITH, ALIAS "BINGO," PLAINTIFF IN ERROR.

Argued June 24, 1932—Decided October 17, 1932.

For the plaintiff in error, *Samuel I. Kessler.*

For the state, *Joseph L. Smith, Joseph E. Conlon* and *Harold H. Fisher.*

The opinion of the court was delivered by

KAYS, J. The plaintiff in error was indicted for murder. He was found guilty of murder in the first degree by a jury in the Court of Oyer and Terminer of the county of Essex. The entire record of the proceedings had upon the trial in the court below was returned into this court by the plaintiff in error under the one hundred and thirty-sixth section of the Criminal Procedure act (*Pamph. L.* 1898, *p.* 866), and under section 137, *Ibid.* He also brings the case here on a strict writ of error. Plaintiff in error specifies fifty-six causes in the record upon which he relies for reversal. These causes for reversal are argued by counsel for the plaintiff in error under twelve points. We have examined all the points argued and find them without merit except as to three. The three consist of the ninth, fifteenth and twenty-seventh assignments

of error and specifications of causes for reversal which are argued together under point two in the brief of counsel for the plaintiff in error which is as follows: "Because the trial court erroneously admitted the testimony as to the plea of guilty which defendant had entered upon his arraignment at the Fourth Precinct Court and upon his pleading to the indictment before the trial court." In respect to the admission of evidence as to the plea of the plaintiff in error before the magistrate, a witness was called by the state who was present at the time the prisoner was arraigned. The witness was asked what answer the plaintiff in error made when the complaint was read to him. This question was objected to by counsel and was allowed by the court on the ground that it was an admission against interest. After this ruling of the court, to which an exception was taken, allowed and signed and sealed, the witness answered that the plaintiff in error pleaded guilty.

At the trial at the Essex Oyer and Terminer the plaintiff in error testified in his own behalf. During the cross-examination by the state the court interrogated the plaintiff in error and asked him if he was not charged with murder when he pleaded in the Fourth Precinct Court, to which the witness replied that he was. The court then asked him if he did not plead guilty and the prisoner replied in the affirmative. The court then asked the prisoner if he knew at that time what the penalty for murder was and the prisoner replied that he did not. To these questions counsel for the plaintiff in error objected but the court stated that the questions which he was asked were proper and continued with the examination of the plaintiff in error relative to his plea before the magistrate and also as to whether the plaintiff in error knew the penalty for murder. The plaintiff in error stated that he did not know the penalty for murder at the time he pleaded before the magistrate and that he was told by the officers that if he did not plead guilty they would kill him. The court then continued with the examination of the plaintiff in error and asked him whether he did not plead guilty before the Court of Oyer and Terminer at the trial

which was then in progress. The prisoner admitted that he pleaded guilty at the trial before the Court of Oyer and Terminer and that he had pleaded guilty in the Court of Oyer and Terminer because he had pleaded guilty before the magistrate. To these questions exceptions were taken and allowed. There was also evidence of confessions made by the accused. Counsel for the plaintiff in error contends that the defendant below was injured by the court's admitting in evidence the pleas above referred to for the reason that the Crimes act (2 *Comp. Stat.*, p. 1780, § 107) provides that, "in no case shall the plea of guilty be received upon any indictment for murder; and if, upon arraignment, such plea of guilty should be offered, it shall be disregarded, and the plea of not guilty entered, and a jury, duly impaneled, shall try the case in manner aforesaid;" and also for the reason that a plea of guilty after being withdrawn cannot be used as evidence of guilt of the accused. The state on the other hand contends that this is not the law and that a plea of guilty after it is withdrawn can be used against the accused for the purpose of showing the state of mind as affecting the voluntariness of his confession and his knowledge of the act of which he was accused. The state cites several cases from other states mostly bearing on the question of confession and which do not appear to be in line with the questions involved in this case. The state also refers to the case of *State* v. *Hand,* 71 *N. J. L.* 137, 139. In the case of State *v.* Hand, the action was for a violation of the Oyster law of this state and involved a summary procedure before a magistrate whereby the defendant was tried for a misdemeanor under that act. The defendant in the Hand case pleaded guilty and afterward withdrew his plea of guilty and entered a plea of not guilty on which he was tried. There was no law which directed that a plea of guilty should not be accepted and the defendant in the Hand case was on trial for a misdemeanor and not for murder. The Hand case, therefore, is quite different from the case at bar. No cases have been cited in this state where a plea of guilty of murder in the first degree has been attempted to be offered in evidence nor have we been

able to find any. It is contended by the state that the plea of guilty might be used in an effort to corroborate the confession or that it is in itself a confession to the court. A confession differs greatly from a plea of guilty of murder. The former is a statement of facts or the acts of the accused in the commission of the crime from which the court or a jury may determine the degree of the crime. A plea of guilty of murder does not set forth the facts but must assume that the prisoner knew the law, which, when applied to the facts, would make him guilty of murder in the first degree; that is, the act of killing must have been willful, deliberate and premeditated, and the accused must understand what is meant by willful, deliberate and premeditated killing. In the case under review the prisoner was a negro, who was accused of killing a negress, a prostitute. The accused was apparently a man of little education, had just previous to the murder met the negress in a house of ill repute and was, at least partially, under the influence of liquor. There was no evidence in the case as to the whereabouts of the plaintiff in error for several hours before the murder or of the decedent for several hours before she was killed except the admissions of the plaintiff in error himself. The court stated in its charge that certain evidence in the case bore upon the fact as to whether or not the defendant killed the decedent. After referring to a number of admissions made by the prisoner he said: "Fourth, he admitted it before the Police Court, before the judge of that court, when he was brought there and charged with it. Fifth, he admitted it in this court when he was brought here and arraigned on the indictment which we are now trying according to the testimony of the state."

The provision of the Crimes act, above referred to, which prevented the entry of a plea of guilty when charged with murder, was first enacted in this state in 1893, and since that time a plea of guilty of murder, if made, must be disregarded and the accused put upon trial. If after a plea of not guilty of murder is ordered entered by the court and the state is then allowed to prove that the defendant pleaded guilty it

nullifies the very purpose of the act, for if one pleads not guilty to a charge of murder he is presumed to be innocent. This is the rule which was followed by the California court in the case of *People* v. *Ryan,* 82 *Cal.* 617, in which case the court said:

"We do not think that the legislature in passing the law under which the defendant was allowed to nullify and render *functus officio* his plea of guilty, by substituting or putting in place of it a plea of not guilty, intended to say that, notwithstanding such substitution and doing away with the first plea, it may be given in evidence and sometimes serve as the only conclusive proof of a man's guilt under the plea of not guilty."

The United States Supreme Court, in the case of *Kercheval* v. *United States,* 274 *U. S.* 220, in an opinion by Mr. Justice Butler, said:

"A plea of guilty differs in purpose and effect from a mere admission or an extra-judicial confession; it is in itself a conviction, like a verdict of a jury, it is conclusive. More is not required, the court has nothing to do but give judgment and sentence.

"The effect of the court's order permitting the withdrawal was to adjudge that the plea of guilty be held for naught. Its subsequent use as evidence against petitioner was in direct conflict with that determination. When the plea was annulled it ceased to be evidence. By permitting it to be given weight the court reinstated it *pro tanto*.

"The conflict was not avoided by the court's charge. Giving to the withdrawn plea any weight is in principle quite as inconsistent with the prior order as it would be to hold the plea conclusive.

"As a practical matter, it could not be received as evidence without putting petitioner in a dilemma utterly inconsistent with the determination of the court awarding him a trial. Its introduction may have turned the scale against him."

The Georgia court, in the case of *White* v. *State,* 51 *Ga.* 285 (at *p.* 290), said:

"The withdrawal of a plea of guilty is a poor privilege if, notwithstanding its withdrawal, it may be used in evidence under the plea of not guilty."

Other cases which hold to this point are: *Heim* v. *United States,* 48 *App. D. C.* 343; *State* v. *Meyers,* 99 *Mo.* 107, 119. Most text books on criminal evidence appear to hold to this view, such as 2 *Whart. Cr. Ev.,* § 638, and 8 *R. C. L.,* § 78. A few states have held the contrary view but those states which have taken this contrary view are states in which the plea of guilty is not prohibited by statute.

We are, therefore, of the opinion that, in a trial for murder, evidence of a plea of guilty, either before the magistrate or before the Court of Oyer and Terminer, in view of the statute above referred to under the Crimes act, prohibiting the entry of the plea of guilty of murder, is prejudicial and harmful to the person charged with such crime. Since the statute directs that such a plea shall not be received by the court, such plea must be held for naught and if afterward the court allows evidence showing that a plea of guilty was entered it would give weight and substance to a plea which the statute directs shall be annulled. In addition to this, what construction is a jury to place upon a plea of guilty of murder? Can it be that the jury is to interpret the mind of the prisoner as to whether such murder was willful, deliberate and premeditated? If such evidence is proper the safeguards with which the statute has surrounded the defendant in a murder case would be broken down, for if he pleaded guilty and the court directed the entry of a plea of not guilty in accordance with the statute the statute would be nullified by the evidence of the entry of the plea of guilty.

The judgment under review must therefore be reversed.

*For affirmance*—LLOYD, J. 1.

*For reversal*—THE CHANCELLOR, TRENCHARD, PARKER, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, JJ. 10.