67 N.J. Super. 599 (1961)
171 A.2d 137
THE STATE OF NEW JERSEY,
v.
BLAND WILLIAMS, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided May 10, 1961.
*600 Mr. Edward J. Dolan, Prosecutor of Middlesex County, attorney for the State.
Mr. Alex Eber, attorney for defendant.
GIULIANO, J.S.C.
This is an application by the defendant, Bland Williams, for a change of venue or, in the alternative, for a foreign jury.
The matter came on for hearing before this court on May 5, 1961. The defendant urges that a fair and impartial trial cannot be had in the County of Middlesex because of the widespread newspaper publicity devoted to the proceedings involving the Quackenbush murder. The defendant emphasizes, in particular, that there has been widespread newspaper publicity dealing with the plea of non vult to second degree murder entered by Bland Williams during the second trial and later withdrawn with the permission of the court. The defendant contends that prospective jurors probably are aware of the background of legal proceedings, particularly the prior plea, and because of this awareness an impartial trial cannot be had in Middlesex County.
For the purpose of the motion the State and the defendant entered into a stipulation which discloses the background and status of the indictment against Bland Williams which is presently awaiting trial. On January 2, 1957 William Butler, James Winbush, John Coleman, Eugene Williams and Bland Williams were separately indicted by the Middlesex County grand jury for the murder of James Quackenbush. Defendants William Butler, Eugene Williams and Bland Williams were tried together after their indictments *601 were consolidated for trial. These defendants were found guilty of murder in the first degree and sentenced to death. On appeal the judgment of conviction was reversed and the matter was remanded for a new trial. During the second trial defendant Bland Williams and his brother, Eugene Williams, entered pleas of non vult to second degree murder and both were sentenced to the New Jersey State Prison. A mistrial was declared as to defendant William Butler. He was later tried, convicted and sentenced to death. His conviction was affirmed by the New Jersey Supreme Court and the United States Supreme Court denied certiorari. Thereafter, Governor Meyner commuted the death sentence to life imprisonment.
On October 31, 1960 Bland Williams applied to the court to vacate and set aside his judgment of conviction and sentence imposed thereon, for permission to withdraw his plea of non vult to second degree murder, and for permission to enter a plea of not guilty to the indictment. After a hearing the court vacated the judgment of conviction and sentence imposed thereon, permitted the plea of non vult to be withdrawn, and a plea of not guilty to be entered on behalf of the defendant.
On April 17, 1961 Bland Williams went on trial for the third time for the murder of James Quackenbush. That trial ended in a mistrial on the following day. The mistrial was declared upon the motion of the defendant after one of the prospective jurors on his voir dire, and in the presence of the entire panel of jurors, referred to the plea of non vult entered at the prior trial on behalf of defendant Bland Williams.
In paragraph 14 of the stipulation the parties agree that Radio Station WCTC, the New Brunswick Daily Home News, the Perth Amboy Evening News, and the Plainfield Courier News have provided "extensive coverage and circulation in Middlesex County." Further, the defendant has adduced in evidence the newspaper files for the Quackenbush murder from the New Brunswick Daily Home News *602 and the Perth Amboy Evening News. These files have the articles written and published in those newspapers which relate to the "accounts of the murder, testimony of witnesses at the trials and other proceedings hereinbefore referred to, interviews with the Prosecutor and defense counsel, interviews with the defendants, interviews with public officials with particular reference to and emphasis on the cost of the trials and proceedings to the County." (See stipulation, paragraph 14.) The total number of articles published is approximately 400. There has not been any offer of proof on the number of radio broadcasts made on Station WCTC and the number of articles published in the Plainfield Courier News.
It is necessary to stress that the plea of non vult to second degree murder which was entered by defendant Bland Williams during his second trial has been repeatedly reported by the press from the time that plea was entered to the present time. The articles have generally equated a plea of non vult with a plea of guilty, and it would appear to this court that the reports of the plea at the time it was entered and the reports of the sentence imposed thereon, in addition to the reports at the time Bland Williams moved and subsequently succeeded in withdrawing his plea, have caused current county-wide familiarity with the fact that this defendant formerly pleaded non vult. The law is clear that the disclosure during the trial of a plea of guilty or non vult entered before a local magistrate is prejudicial error. State v. Smith, 109 N.J.L. 532 (E. & A. 1932); State v. Leaks, 124 N.J.L. 261 (E. & A. 1939); State v. Goldberg, 124 N.J.L. 272 (Sup. Ct. 1940). Further, the Supreme Court held in Goodlet v. Goodman, 34 N.J. 358 (1961), that such disclosure is prejudicial error even where no objection to it is made.
This court is keenly aware of the probable outcome of another trial in Middlesex County in view of the publicity the prior plea of non vult to second degree murder has received. If the indictment were again moved for trial in *603 Middlesex County and the jury panel or an empanelled jury learned of the defendant's plea of non vult, it would be incumbent on the trial court to declare a mistrial.
In State v. Wise, 19 N.J. 59 (1955), the Supreme Court set out in broad language the considerations which this court must scrutinize in order to rule on the instant motion. The court said:
"We freely subscribe to the basic concepts of fairness as dedicated in Shepherd v. State of Florida, supra, [341 U.S. 50, 71 S.Ct. 549, 95 L.Ed. 740] holding newspapers, in the enjoyment of their constitutional right, may not deprive the accused of his right to a fair trial, and requiring the due process clause to be realistically and honestly interpreted and observed. But we find nothing in the proofs submitted in the instant case bringing it within the prohibited orbit.
Our courts, too, in the same spirit of fundamental fairness, have decreed that motions for a change of venue are addressed to the sound discretion of the court. The discretion employed must be neither arbitrary, vague nor fanciful but must be guided by and in consonance with well established principles of law. In re Longo, 124 N.J.L. 176, 181 (E. & A. 1940); La Bell v. Quasdorf, 116 N.J.L. 368, 372 (Sup. Ct. 1936).
The test is whether an impartial jury could be obtained from among the citizens of the county or whether they are so aroused that they would not be qualified to sit as a jury to try the case. The evidence submitted, to be controlling, must be clear and convincing proof that a fair and impartial trial cannot be had before a jury of the county in which the indictment was found." (at pp. 73-74 of 19 N.J.)
Earlier decisions are in accord. See State v. Collins, 2 N.J. 406 (1949); State v. Stevens, 102 N.J.L. 537 (Sup. Ct. 1926).
After hearing the argument of counsel and reviewing the instant record, this court is satisfied that the motion for change of venue must be granted. An appreciation of the current public familiarity with this matter, particularly the prior plea of non vult, can be achieved by noting the widespread publicity within Middlesex County dealing with the numerous legal proceedings and trials which have been the outcome of the Quackenbush murder. The newspaper *604 clippings offered by the defendant establish that approximately 400 articles have been devoted to the subject from the time of the murder to the present in two newspapers with countywide distribution. The record indicates that the extensive publicity relating to the defendant's prior plea of non vult to second degree murder caused the mistrial in the third trial of Bland Williams. During that trial a prospective juror admitted that he read that the defendant pleaded "guilty" at a prior trial, and the disclosure of the prior plea caused the abrupt cessation of the third Bland Williams trial because it was made on the voir dire with the entire jury panel present. Since the mistrial on April 18, 1961, further publicity has emphasized that this defendant entered a prior plea of non vult to second degree murder.
In the spirit of individual liberty our courts must be vigilant in order to adequately safeguard the rights of every defendant. It appears to this court that the venue in the instant case should be laid in another county because of the extensive attention which the proceedings in this matter have received; particularly the attention addressed to the prior plea of non vult makes it highly probable that the defendant could not receive a fair and impartial trial in Middlesex County. It is to the credit of our system of justice that a prospective juror candidly admitted at the prior trial that he knew of the plea of non vult to second degree murder. If such knowledge were not revealed at a subsequent trial, the defendant would be grossly prejudiced. In the interest of justice it is the duty of this court not to expose this defendant to the risk contingent upon a trial in this county.
Defendant's motion for change of venue will be granted and the venue will be laid in Essex County. The case will come on for trial on June 12, 1961 before the Honorable Joseph Halpern, Judge of the Superior Court of New Jersey, Law Division, Middlesex County, who will sit in Essex County in order to preside at the trial of this matter.
An appropriate order may be submitted.