WILLIAM R. MITCHELL, APPELLEE, v. ERIE RAILROAD COMPANY, APPELLANT.

Submitted June 16, 1903—Decided November 9, 1903.

The act entitled "An act to provide for and regulate appeals from any District Court in any city of the state to the Supreme Court," approved April 3d, 1902, does not give a right of appeal from an order of the District Court refusing a new trial.

On appeal from the Hoboken District Court.

Before Justices VAN SYCKEL and FORT.

For the appellant, *Corbin & Corbin.*

For the appellee, *Eusebius W. Arrowsmith, Jr.*

The opinion of the court was delivered by

FORT, J. It is unnecessary to consider this appeal on its merits, as the record shows that the judgment in the case was entered October 30th,. 1902; that notice of appeal was given by the defendant to the plaintiff on October 31st, 1902; that subsequently, on November 19th, 1902, the defendant's attorneys notified the attorneys of the plaintiff, in writing, that "the appeal of the defendant, Erie Railroad Company, * * * from the judgment rendered * * * on the 30th day of October, 1902, * * * is hereby withdrawn."

After that withdrawal, on November 20th, the defendant applied to the District Court and obtained a. rule to show cause why the judgment "entered October 30th, 1902," should not be opened and a new trial granted. The rule contained a stay of proceedings.

The notice of appeal, under which the case is now before this court, was given March 4th, 1903, and is as follows: "Take notice that the defendant hereby appeals to the Supreme Court of the State of New Jersey from the judgment rendered in favor of the plaintiff against the defendant in the above action, and also from the order of the judge of this court denying the motion of the defendant for a new trial."

For the purpose of an appeal from the judgment entered October 30th, 1902, this notice was too late to be of any force under the statute, which requires the appeal to be taken within "ten days from the determination or direction appealed from and enter into bond," &c. This appeal from the judgment entered October 30th, 1902, was clearly out of time. *Pamph. L., p.* 565, § 1.

As to the appeal from the refusal of the judge of the District Court to make the rule absolute and grant a new trial, we do not think such an appeal will lie. The refusal of the trial court to grant a new trial is not a determination or direction "in point of law or upon the admission or rejection of evidence" in the cause, from which an appeal lies under the statute. The granting by the District Court of a new trial is a matter of discretion.

The sixty-eighth section of the District Court act provides that "the practice of the Circuit Court, in so far as applicable, shall apply to District Courts, excepting, however, in cases where there may be some express provision of law providing otherwise." *Pamph. L.* 1898, *p.* 582, § 68. In the Circuit Courts the matter of granting a new trial is discretionary, and not reviewable upon error. We think that it is discretionary in the District Courts, and that the refusal of a new trial is not appealable under the act of 1902.

But as this case has been fully argued, upon the briefs, on its merits, we have nevertheless considered the same, and find no error in the rulings of the District Court. Secondary evidence of the contents of the ticket, alleged to have been lost, was clearly inadmissible, as the District Court held, as there was not satisfactory proof of its loss or that reasonable search for it had been made.

The appeal will be dismissed, with costs.