### HERMAN D. MARCUS v. JOHN A. GRAVER.

Argued November 4, 1903—Decided July 27, 1904.

1. The method of appeal from a District Court provided for by the act approved April 30th, 1902 (*Pamph. L., p.* 565), is concurrent with a review by this court, upon *certiorari,* upon the matters made appealable by said act within the ten days limited in the act within which an appeal may be taken.
2. Appeal from a District Court within the time limited by the act of April 3d, 1902, is a matter of right under that statute. Review by *certiorari* is a matter of grace, resting in the discretion of the court or justice allowing the writ.
3. Where the facts certified show a mistrial, a new trial will be ordered.

On *certiorari* to the Atlantic City District Court.

Before Justices FORT and PITNEY.

For the plaintiff, *William M. Clevenger*.

For the defendant, *John C. Reed*.

The opinion of the court was delivered by

FORT, J.    The writ in this case brings up a judgment entered in the Atlantic City District Court.

The defendant contends that *certiorari* will not lie to a District Court since the passage of the act entitled "An act to provide for and regulate appeals from any District Court in any city of the state to the Supreme Court," approved April 3d, 1902.  *Pamph. L., p.* 565.

In *Johnson* v. *Booge,* 41 *Vroom* 193, this court held that the act providing for appeals did not apply to forcible entry and detainer cases, but only to such cases as were made appealable under sections 89 and 206 of the District Court act.  *Pamph. L.* 1898, *p.* 556.

So much of the District Court act of 1898 as was intended to give jurisdiction to the Circuit Courts by appeal, to the exclusion of the right of review in the Supreme Court by *certiorari,* was held by the Court of Errors and Appeals to be unconstitutional.  *Green* v. *Heritage,* 35 *Vroom* 567.

The act of 1902 (*Pamph. L., p.* 565), providing for appeals from the District Court to the Supreme Court, where a party litigant is dissatisfied with the determination or direction of such court, "in point of law or upon the admission or rejection of evidence," is not in any way in derogation of the powers of the Supreme Court to review such a case on *certiorari* in the respects permitted by the appeal.  Upon *certiorari,* in such cases, only errors of law would be reviewable. On *certiorari* the court will not inquire into or weigh the evidence except to see if there be evidence to sustain the conclusions of the District Court.   It is the same upon appeal

under the act of 1902. The act of 1902 does not in any way inhibit the allowance of a writ. of *certiorari* to review the proceedings or a judgment of a District Court, within the time fixed by the act for the appeal. The act of 1902 simply provides a system or method of review by appeal as a matter of right, and must be taken to be an expression of legislative intent to establish an appeal as a concurrent method of review with *certiorari* within the time fixed by the act for an appeal. Such right of appeal in no way infringes upon the *certiorari* power of this court. Both methods obtain; the one as a matter of right, the other as a matter of grace, resting in the discretion of the court or justice allowing the writ.

In this view the act of 1902 is unobjectionable.

On the merits of the case, under the facts certified, we think there must be a reversal and an award of a new trial. The District Court rendered judgment in favor of the plaintiff for a substantial amount. The state of the case shows that the plaintiff did not sustain by evidence his claim to recover upon an express contract. The recovery can therefore only be supported upon the basis of the *quantum meruit*. Under the facts certified in the seventh item of the certificate of the trial judge, the plaintiff was entitled to recover something upon a *quantum meruit;* but under the eighth item of the certificate it is expressly certified that there was no evidence on which to base a definite assessment of damages. This would entitle the plaintiff to recover six cents (and no more), unless his claim were shown to have been satisfied by payment or set-off. All the items of payment certified in the state of the case antedate the plaintiff's claim and are not applicable thereto, except No. 1, of $90, which is, however, already credited by the plaintiff in his state of demand. The trial judge found as a fact that the defendant's set-off was not sustained by the proof. Under the facts found, as certified, and in view of the state of the evidence with respect to matters concerning which no finding is certified, there seems to have been a complete mistrial.

The judgment is reversed and a new trial ordered. Costs to abide the event.