THE STATE OF NEW JERSEY, DEFENDANT IN ERROR,
v. RAYMOND W. SCHUCK, PLAINTIFF IN ERROR.

Argued April 14, 1921—Decided June 20, 1921.

1. In the trial of an indictment for murder committed in an automobile, during which the car was damaged, evidence of such damage tending to prove that the car was the same one wherein the murder was committed, *held*, legally admissible.
2. In the trial of defendant for murder, in which there was testimony that the deceased had been robbed of a large sum of money, testimony tending to show that a short time after the murder the defendant had spent money lavishly and was carousing with women, is admissible.
3. In the trial of defendant for murder, an instruction that a witness had already been convicted and by his own confession was an accomplice, and that the.jury should scrutinize his story and say whether it was corroborated, but that the law did not require corroboration, was not erroneous.
4. The granting of a new trial is within the discretion of the trial judge, and the refusal is not cognizable by the Court of Errors and Appeals.

On error to the Camden County Court of Oyer and Terminer.

For the plaintiff in error, *James Russell Carrow.*

For the defendant in error, *Charles A. Wolverton,* prosecutor, and *Albert E. Burling,* assistant prosecutor of the pleas.

The opinion of the court was delivered by

WALKER, CHANCELLOR. The prisoner was indicted jointly with Frank J. James for the murder of David S. Paul on October 5th, 1920. The court ordered that separate trials be accorded to each of the defendants. The plaintiff in error was thereupon tried and convicted of murder in the first degree without recommendation. He brings that conviction before this court for review under section 136 of the Criminal Procedure act. There are seventeen assignments·of error and twenty-three specified causes of reversal. Assignments of error and causes for reversal from one to

sixteen inclusive are the same. The assignments and causes were grouped by counsel for the purpose of the argument, under six points; certain abandoned ones being numbered point 4, and the last, not being briefed, would be point 7. The prisoner's contentions will be considered and disposed of under the argued points.

*First.* Assignment and cause 1. This is the same proposition about women being entitled to serve on juries and the failure to summon them being legal error as in the James case (see the opinion in *State* v. *James, ante p.* 132). For the reasons stated in that opinion on that question this point is not well founded.

*Second.* Assignments and causes 2, 3, 4, 5, 6. The objection is that the testimony of Albertson about James visiting his garage October 6th, 1920, with a Ford car which was damaged in certain particulars described, &c.; and that the testimony of Hellings and Jauss as to the conduct of James and Schuck in Philadelphia after the murder, drinking, spending money lavishly on women, &c., was illegal; the testimony of Albertson because it was as to conduct after the conspiracy was ended and was therefore not evidence against Schuck; and the testimony of Hellings and Jauss because the conduct of both prisoners to which those witnesses spoke, was not part of the *res gestæ* and was introduced to prejudice the jury against Schuck.

After stating the point that the testimony was not part of the *res gestæ* counsel should not have added that it was introduced to prejudice the jury against the prisoner. There is nothing to lend the slightest countenance to such a statement, and it will be ignored. The testimony of Albertson was clearly intended to show the condition of the car in which the murder was committed. There was testimony that Schuck was in the car and participated in the robbery and murder. The car was damaged in the perpetration of the crime and this proof tended to show that it was the same car. The testimony was legally admissible; so plainly so that it would be a work of supererogation to cite authorities to support the principle.

The testimony of Hellings and Jauss as to the prisoners' spending money and carousing with girls in Philadelphia after the murder, tended to show their recent acquisition of money, and as a large sum had been taken from the deceased, it was inferable that they got it in the robbery, as there was evidence tending to show that they not only murdered, but robbed, the deceased. In fact the motive of the murder was robbery. The admissibility of such evidence is perfectly well settled. The acts were not concomitants of the crime for which the prisoner was on trial, but followed its commission and were not part of the *res gestæ* at all. See *Estell* v. *State*, 51 *N. J. L* 182.

*Third.* Assignments and causes 7, 8, 9, 10. The same point about *corpus delicti* as in the James case, and is disposed of by the opinion in that case. See *State* v. *James, supra.*

*Fourth.* Counsel for the prisoner states in his brief that assignments and causes 11 and 12, which relate to the overruling of questions asked of the witness Kelsey, are abandoned. They have been so treated.

*Fifth.* Assignments 13, 14, 15, 16, 17 and causes 13, 14, 15, 16, 18. These concern the court's refusal to charge certain requests as to how the jury should regard and treat James' testimony, he being an accomplice; and also the charge as delivered on that question.

The requests were untenable and the charge on that subject as delivered was faultless. On the weight of credibility to be given the testimony of James, the jury were told to remember that James had already been convicted and by his own confession he was an accomplice of Schuck's; that they should scrutinize his story and say whether it was corroborated, but that the law did not require corroboration, &c. This was in accordance with the settled law and is supported by the authorities. See *State* v. *Lieberman*, 80 *N. J. L.* 506.

*Sixth.* Cause 17. This relates to the refusal of the trial court to grant a new trial. That is a question resting in the discretion of the trial judge and of which this court has no cognizance.

Denial of a new trial is not reviewable on error. *Blum* v. *Parsons Mfg. Co.*, 95 *N. J. L.* 471. A denial of a new trial after conviction in the Oyer is not even reviewable under section 136 of the Criminal Procedure act. *State* v. *Comstock, Id.* 321; *affirmed, post p.* 299. And the legislature itself is impotent to provide for such a review. *Flanigan* v. *Guggenheim Smelting Co.*, 63 *Id.* 647.

*Seventh.* Causes 19 to 23 are not briefed by plaintiff in error, but are discussed by counsel for the state. They are: (19) Because there was no evidence justifying the conviction of murder in the first degree. As there was some evidence, this cause is futile. (20) Because the court admitted illegal, irrelevant and incompetent evidence. This points out nothing; likewise (21) Because the court excluded relevant and competent evidence. (22) Because the plaintiff in error suffered manifest wrong and injury because he was convicted upon the uncorroborated testimony of James, a self-confessed murderer and accomplice. This has been treated and disposed of. (23) That the court erred in the entire proceeding of the trial of the prisoner, who suffered manifest wrong and injury in the language of section 136 of the Criminal Procedure act, also by the denial of the motion to quash the panel of jurors. The question of the challenge to the array and refusal to quash the panel has been disposed of, and the rest presents no proper cause for reversal at all, being merely the statement of a conclusion, without a specific error to sustain it being pointed out; doubtless because there are none such.

All assignments of error and causes for reversal being disposed of adversely to the contentions made on behalf of the prisoner, the judgment under review will be affirmed.

*For reversal*—None.