THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. LUIGI GARZIO, PLAINTIFF IN ERROR.

Argued May 2, 1934—Decided October 2, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the defendant in error, *Erwin E. Marshall,* prosecutor of the pleas, and *Leo J. Rogers,* assistant prosecutor.

For the plaintiff in error, *Meyer M. Semel.*

The opinion of the court was delivered by

PARKER, J.   The defendant below was convicted, and sentenced to a minimum term of thirteen years and a maximum term of sixteen years, upon the following indictment:

"Mercer County, to wit:

"The Grand Inquest of the State of New Jersey, in and for the body of the County of Mercer, upon their respective oath, Present, That Luigi Garzio late of the Township of Ewing in the said County of Mercer, on the twenty-third day of September in the year of our Lord nineteen hundred and thirty-two, with force and arms, at the Township of Ewing aforesaid, in the County aforesaid, and within the jurisdiction of this Court, did then and there unlawfully, willfully and maliciously place in the ground and against and near a certain building, to wit, the house of one John J. Boscarell, situate on Grand Avenue, in the Township of Ewing, in the County of Mercer aforesaid, dynamite and other highly explosive substances, and did then and there ignite a certain fuse attached thereto causing an explosion of said dynamite and other highly explosive substances, with intent to unlawfully injure the said house of John J. Boscarell and the contents thereof; contrary to the form of the statute in such case made and provided, and against the peace of this state, the government and dignity of the same."

At the time of the explosion, defendant was not present in person. The proofs tended to show that he was an accessory before the fact, in that he had supplied the material for the explosion and procured others to put the explosive in place and light the fuse. The point was made throughout the trial, that defendant could only be convicted as an accessory and should have been indicted as such. Furthermore it was argued in the trial court, and is argued here, that as any active connection of defendant was prior to the explosion, the indictment should have charged conspiracy only and that it would not support conviction of the offense charged therein.

Still further, defendant claims that the indictment is referable to three different statutes, viz., (a) section 128 of the Crimes act (*Comp. Stat., p.* 1786); (b) section 1 of the Supplement of 1909 (*Pamph. L., p.* 179), found in *Comp. Stat., p.* 1775, as *placitum* 93 a, and (c) section 2 of the same Supplement, *Ibid.* 93 b.

The first section of the supplement may be disregarded, as it refers only to having explosives in possession, and this is

not charged in the indictment. Section 128, here abridged, reads "any person who shall willfully or maliciously place * * * against * * * any building * * * any gunpowder or other explosive substance with intent to destroy or damage any building * * * shall, whether or not any fire or explosion take place, and whether or not any damage be caused, be guilty of a misdemeanor." Section 2 of the Supplement of 1909 reads, as abridged for present purposes: "any person who shall in any manner cause or attempt to cause any explosion of dynamite * * * or other explosive * * * with intent to injure any person * * * or * * * property * * * shall be guilty of a misdemeanor, and punished by imprisonment in the state prison for not less than five years nor more than twenty years."

There are twenty-two assignments of error and the same number of causes for reversal under section 136 of the Criminal Procedure act. The assignments and causes are identical, except the last, which differs slightly in language but not in substance. It merely charges general error and may be disregarded.

Of the other assignments and causes, Numbers 1, 2, 3, 4, 5, 13, 14 and 21 attack rulings on evidence. But not one of them points out any particular ruling complained of, or quotes any question allowed or overruled. Hence they are not properly before us. *State* v. *Blaine*, 104 *N. J. L.* 325; *State* v. *Herron*, 77 *Id.* 523. Numbers 13 and 14 quote a passage in the charge directing the jury to disregard certain testimony, as unavailing to correct the alleged error, but the error, as we have said, is not pointed out. Number 21 refers to certain rulings on a rule to show cause for a new trial, but not specifically, and is equally futile.

Assignment and specification No. 6 are that the court refused to direct an acquittal when the state rested, and No. 7, similar refusal at the conclusion of the evidence. The grounds urged at the trial and reiterated here, are:

(a) That plaintiff in error was not present at the time of the explosion.

The answer is that his presence was not necessary to a

conviction under the indictment. Whether that accusation was based on section 128 of the Crimes act, or on section 2 of the act of 1909, or both, the offense in either case was a misdemeanor, and in misdemeanors, all are properly charged as principals, even though in cases of felony at common law accessories should be charged as such. *State* v. *Wilson*, 79 *N. J. Law* 241; *affirmed*, 80 *Id.* 467; *State* v. *Warady*, 78 *Id.* 687; *State* v. *Spence*, 81 *Id.* 265, a case of burning a garage, where it was pointed out that at common law burning a building was not a felony unless the building is a dwelling house or outhouse in connection therewith, in which case the crime would be arson. See 4 *Blk.* 220. The crime charged in the present case is statutory; is not arson as no burning is charged and none was proved; is expressly declared a misdemeanor; and it follows that defendant though an accessory before the fact was properly indicted in the same form as if he had been present aiding and abetting, or had actually set the explosive and fired the fuse.

(b) The next ground urged for a direction was that there was a contradiction in the testimony. But that is no ground for a nonsuit or direction. *Moebius* v. *Williams*, 84 *N. J. L.* 540; *Burrichter* v. *Wishnefsky*, 103 *Id.* 340.

(c) The third ground is that the evidence showed a conspiracy, and that the indictment should have been so framed.

It would not be too much to say that wherever there is an accessory before the fact, a conspiracy exists or existed. An accessory before the fact is "one, who being absent at the time of the crime committed, doth yet procure, counsel, or command another to commit a crime." 1 *Hale P. C.* 615, 616; 4 *Blk.* 36. The conspiracy is the agreement of the counselor, procurer or commander, and the other party or parties so counseled, &c. When Fagin, in "Oliver Twist," prompted Bill Sykes to kill Nancy, his mistress, there was a conspiracy; but Fagin was indicted, convicted and executed as an accessory before the fact; though as a conspirator, under section 37 of our Crimes act, his punishment would have been limited to three years in jail.

The same grounds were urged at the conclusion of the evi-

dence, with the additional point, if indeed it be a point, that at the time of the explosion this defendant was away somewhere in Pennsylvania. But absence from the actual crime is of the essence of accessory before the fact. 4 *Blk.* 36.

The eighth assignment and specification relate to the refusal to charge certain numbered requests. We find no argument on this point in the brief, and as the requests are indicated merely by number, the assignment is futile. *State* v. *Blaine, supra.*

The ninth ground of reversal attacks the definition of reasonable doubt in the charge, reading as follows:

"Reasonable doubt is a term often used properly, fairly well understood, but not easily defined. It is not a mere possible doubt, because everything relating to human affairs, and depending upon moral evidence, is open to some possible or imaginary doubt."

As we read the brief, two objections to this language are suggested: the first, that the word "moral" required some further explanation, which, however, defendant does not seem to have requested. The second, that it was coupled with the definition of reasonable doubt enunciated in *State* v. *Linker,* 94 *N. J. L.* 411, and must have confused the jury. As to the first objection, we need only say that the quoted language is taken from the old case of *Donnelly* v. *State,* 26 *N. J. L.* 601 (at *p.* 615), and is a classic in our jurisprudence; and as to the second, that we can see nothing confusing or inconsistent in the juxtaposition of the two passages.

The ninth, tenth, eleventh and twelfth assignments and specifications are argued together. They bring up a passage in the charge about a page in length. The substance of the attack is the proposition running through the case, that defendant not being present at the actual perpetration of the crime, could not be convicted under the indictment as found. We need not repeat what has already been said on this point, which for reasons already given, we deem wholly without substance. The court laid down the rule that if the defendant incited or procured the criminal offense charged in the indictment, which was a misdemeanor, he could be found guilty

though not present at the time it was committed. This was correct.

The thirteenth and fourteenth grounds have already been disposed of.

Grounds 15 and 18. The jury was out for some time, and was in need of food. The judge not being present, they were moved under supervision of the officers into a more convenient room, and served with food, the exhibits being locked in the original room. All this seems to have been carried out with care to prevent communication with any member of the jury by any outside person, and apparently with the knowledge and without objection of defendant or his counsel. The court made two rules to show cause why the verdict should not be set aside, one on this and another ground presently to be discussed, and the other in effect on weight of evidence, partiality, &c. We gather from the brief of defendant's counsel that both rules were discharged, but the rule or rules discharging them we do not find printed in the case. It is asserted by defendant that as to the feeding and removal of the jury the rule was discharged solely because defendant was aware of the facts at the time and made no objection. This the state denies, and points out that evidence was presented at length to show the care exercised in guarding the jury. We can only presume that the court, in discharging the rule, which action is admitted, found as a fact that no harm had been done. *State* v. *Cucuel*, 31 *N. J. L.* 249. In *State* v. *O'Leary*, 110 *Id.* 36, a murder case, the members of the jury were allowed to disperse during the trial—a very different matter. We think the judge was justified on the evidence before him in finding as he must have done, and this conclusion is reinforced by the later action of the trial judge in refusing a certificate of reasonable doubt, and of a justice of this court similarly refusing after examination of the case as laid before him by defendant's counsel.

Ground 16. It was also asserted as a reason for setting aside the verdict, that one of the jurors when asked prior to being accepted and sworn, whether he knew John J. Boscarell mentioned in the indictment, had falsely answered in the

negative. Testimony was taken fully on this point, and while that produced by defendant tended to substantiate it, the state produced ample evidence that the question was not asked of that particular juror, and he himself testified that he did not know Boscarell at the time, and Boscarell testified that he did not know the juror. The judge was therefore fully justified in finding that the assertion was not proven.

Ground 17 is in substance that the trial court erred in refusing to award a new trial on the ground that the evidence did not justify a finding of guilty beyond a reasonable doubt, and was the result of passion, prejudice, partiality and popular excitement, and that the prosecutor had stated matters in summing up which had no support in the evidence. As to this last, no objection was made, so far as the case shows, to any of his remarks to the jury. As to the general proposition regarding weight of evidence, the rule is settled that the action of the trial court in granting or refusing a new trial will not be reviewed on writ of error. *State* v. *Comstock*, 95 *N. J. L.* 321; 96 *Id.* 299. And "weight of evidence" includes mistake, passion, prejudice and partiality as possible elements. See *e. g., Floersch* v. *Donnell*, 82 *Id.* 357. On writ of error, the reviewing court does not disturb the finding of the trial court in such matters.

The nineteenth and twentieth grounds challenge the sentence. The argument is that the indictment does not specifically cite any statute, and from its language one cannot discern whether it was intended to rest on section 128 of the Criminal Procedure act, or one or both of the sections in the Supplement of 1909. The court and prosecutor seem to have assigned it to section 2 of that supplement; and so, for that matter, did counsel for defendant in addressing the court at the opening of the case. The charge of "placing" the dynamite in apposition to the house is clearly referable to section 128, but that of exploding it with intent as clearly referable to the act of 1909 which prescribes the severer penalty. The explosion was proved, and we think admitted. The connection of defendant with it was embraced in the verdict which was a general one of "guilty as charged." It may be

that the indictment was duplicitous in charging two different offenses in one count, but no objection on that ground was taken at any time, and as we have said, court and counsel went to trial on the theory that the material charge was violation of the act of 1909, the greater offense. Certainly the placing of the explosive in contact with the house, though not absolutely essential to injuring it by the explosion, was an appropriate preliminary to exploding it. There is no error on the record, as the indictment clearly charges a crime of some kind; and no motion to quash appearing, an attack on it after the jury was sworn was out of place. The court was entitled to regard the verdict, and properly regarded it, as convicting defendant of every criminal act charged in the indictment, which included violation of section 2 of the act of 1909, and properly sentenced accordingly. A somewhat similar situation was present in *State* v. *Egan,* 82 *N. J. L.* 317; *affirmed,* 84 *Id.* 701, in which a motion to quash was made in due season, but this court and the Court of Errors and Appeals sustained the conviction.

We think these somewhat extended remarks cover all the assignments and specifications for reversal. We find no error, and the judgment is accordingly affirmed.