JULIA PLASKON, DEFENDANT-RESPONDENT, v. NATIONAL SULPHUR COMPANY, PROSECUTOR-APPELLANT.

Submitted October 26, 1934—Decided January 10, 1935.

For the prosecutor-appellant, *John J. Francis* and *Joseph Coult.*

For the defendant-appellee, *Richard W. Baker.*

The opinion of the court was delivered by

BODINE, J. This appeal brings up an affirmance in the Supreme Court of an award in a workmen's compensation case. There was also an affirmance in the Court of Common Pleas. Our conclusion, however, is that the judgment must be reversed.

Petitioner's husband died June 6th, 1925. The original petition to the bureau was filed July 8th, 1925. This action was dismissed December 16th, 1925, for want of proof that the accident arose out of and in the course of deceased's employment.

On April 30th, 1932, petitioner filed a petition for a rehearing upon the ground of newly discovered evidence. This was granted and the award complained of was allowed.

"A new trial shall not be granted where the party might have had the evidence on the first trial if he had exercised ordinary diligence." *Deacon* v. *Allen,* 4 *N. J. L.* 386. Reasonable diligence seems to be the modern standard. *Murphy* v. *Skelly,* 101 *N. J. Eq.* 793.

Because a party has failed to inquire as to the facts from witnesses who obviously knew all about them affords no basis whatever for granting a new trial. *Sheppard* v. *Sheppard,* 10 *N. J. L.* 250.

"It is not enough that the evidence has been discovered since the former trial, but it must also appear that the evidence is such that, by the exercise of reasonable or due diligence on the part of the applicant, it could not have been procured for the first trial." *Hoban* v. *Sandford & Stillman Co.,* 64 *N. J. L.* 426, 437. See, also, *Ellis* v. *Martin Automobile Co.,* 77 *Id.* 339; *Christie* v. *Petrullo,* 101 *Id.* 492.

All that the proofs here indicate is that petitioner and her son, who investigated the matter for her, did not take the trouble before the first trial nor for seven years thereafter to interview the deceased's fellow employes, or the employes at the adjoining plant near where testator was killed. Because a party has failed to inquire as to the facts from witnesses whom it would be apparent to the most ignorant would know something of deceased's activities upon the day of his death

and his purpose in going to the barge, which he was apparently leaving when he slipped and fell, receiving the fatal injuries, furnishes no basis whatever for the granting of a new trial.

It must be apparent to anyone that those who worked with the deceased must have known something of his work and whether at the time of his death he was doing work which was in the course of his employment. Mere filial interest would have led petitioner's son to his father's co-workers for detailed information as to his end. The fact that the deceased was a worker in the sulphur plant and was drowned off a dock on an adjoining property while carrying an object from a barge there anchored would have suggested to any mind the pertinency of inquiry from those employed at both plants as to deceased's work. In no other way could it be determined whether the task he was doing was within the scope of his employment.

All the witnesses called at the new trial lived and worked in the neighborhood. Petitioner's son explained his delay by saying that he and his mother forgot about the case. Courts are not designed to grant new trials lightly or simply because parties have forgotten about their grievances. The rules of law respecting the granting of new trials upon the ground of newly discovered evidence are so well settled that the bureau plainly erred in opening up its previous judgment. It was not necessary for the defendant to controvert the facts testified to by these witnesses who, if they knew the facts, could with the greatest of ease have been called years before if the parties had taken the trouble so to do.

The judgment will be reversed, with costs.

*For affirmance*—DONGES, DEAR, WELLS, JJ.  3.

*For reversal*—THE CHANCELLOR, PARKER, LLOYD, CASE, BODINE, VAN BUSKIRK, KAYS, HETFIELD, JJ.  8.