JACOB RICHTER, AN INFANT UNDER THE AGE OF FOURTEEN YEARS, BY PHILIP RICHTER AND JEANNE RICHTER, HIS NEXT FRIENDS; ETHEL RICHTER, AN INFANT UNDER THE AGE OF FOURTEEN YEARS, BY PHLIP RICHTER AND JEANNE RICHTER, HER NEXT FRIENDS; PHILIP RICHTER AND JEANNE RICHTER, INDIVIDUALLY, PLAINTIFFS-APPELLANTS, v. MARTIN R. M. CONWAY, DEFENDANT-APPELLEE.

Submitted May term, 1937—Decided July 27, 1937.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the plaintiffs-appellants, *John J. Rafferty* (*James J. Curran,* of counsel; *Philip Blacher,* on the brief).

For the defendant-appellee, *John C. Stockel.*

PER CURIAM.

The plaintiffs appeal from a judgment entered for the defendant upon a jury verdict of no cause of action and appeal is grounded on the proposition that the trial court abused its discretion in not granting a new trial on the facts and because of newly discovered evidence, both of which questions were argued on the return of a rule to show cause which was discharged.

The case before us involved personal injuries suffered by plaintiffs, property damages and incidental expenses that arose out of a collision that occurred on route 25, a superhighway, between the automobile of the plaintiffs, which was

going north, and the truck of the defendant which was entering the highway by a side road from the east.

The negligence question was properly submitted to the jury and the fact issue determined favorably to the defendant.

On the return of the rule to show cause, the weight of evidence was considered by the trial judge, whose determination not to interfere with the verdict was well within the proper exercise of his discretion.

As to the matter of the newly discovered evidence, four affidavits were presented to the court, two for each side. The sole point presented is that one affiant avers that the defendant, Conway, said at the time of the accident, that he was assuming full responsibility therefor, and that he would see to it that the damages would be paid. This is denied in the defendant's affidavit, but if accepted, there is a counter-affidavit of one Anderson, an investigator for the insurer, that the plaintiff Richter had told him, long before the trial, that this statement was made by the defendant. It is manifest that this, therefore, was not newly discovered evidence in the legal sense; that it was available before trial and could have been procured by the exercise of reasonable diligence. The court was well within its discretion in concluding not to interfere with the verdict. The rule on matters of this kind is thoroughly settled, some of the late decisions being *Plaskon* v. *National Sulphur Co.*, 114 *N. J. L.* 109; 176 *Atl. Rep.* 112; *Paradise* v. *Great Eastern Stages, Inc.*, 114 *N. J. L.* 365; 176 *Atl. Rep.* 711. Compare *Fitzpatrick* v. *Goerke-Kirch Co.*, 118 *N. J. L.* 207; 192 *Atl. Rep.* 238.

The judgment is affirmed, with costs.