STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. HARRY SIMMONS, ALIAS INDIAN, AND ALBERT FARIA, PLAINTIFFS IN ERROR.

Argued October 19, 1937—Decided January 26, 1938.

For the plaintiff in error Harry Simmons, *Joseph Kraemer* and *George D. McLaughlin.*

For the plaintiff in error Albert Faria, *Simon L. Fisch* and *Ernest F. Masini.*

For the defendant in error, *William A. Wachenfeld,* prosecutor of the Pleas, and *Joseph E. Conlon,* assistant prosecutor.

The opinion of the court was delivered by

TRENCHARD, J. The defendants below (Harry Simmons, alias Indian, and Albert Faria) were convicted of the crime of murder in the first degree (without recommendation), for the killing of Thomas Ennis, a police officer, while the defendants were perpetrating a robbery at the Hi-Hat Restaurant, in East Orange, and accordingly were sentenced to death.

The defendants did not bring up the entire record of the proceedings had upon the trial, but chose rather only to

assign errors upon their bills of exceptions, and so we are here limited to an examination of alleged errors thus assigned.

The first assignment of error is that the trial judge erroneously overruled the defendants' challenge to "the panel of petit jury, and also to the special panel which is taken from the petit jury panel."

That challenge was an oral one, and in passing we call attention to the fact that such a challenge to the array should be in writing (*State* v. *Dodge,* 101 *N. J. L.* 131), but we see fit to ignore that fact, preferring in this case to examine and consider the oral challenge.

We think it was properly overruled.

The defendants were tried by a jury drawn from a special panel of forty-eight names, which special panel was drawn and delivered to the defendants in accordance with pertinent statutory requirements. This special panel was drawn from the general panel which had been drawn from a list theretofore made by the commissioners of juries, "alphabetically arranged, of persons liable to jury duty, having regard to the just distribution of jury service among those qualified therefor in the various wards and municipalities of such county," as required by chapter 20, *Pamph. L.* 1913, and amendments thereto.

Now the defendants complain of the fact that the general panel was drawn from such list of two thousand and forty-five names of persons liable for jury duty prepared by the jury commissioners by taking from the voting lists and other lists of persons qualified for jury duty, already indexed and listed in alphabetical order, all names under certain letters of the alphabet, in this instance the letters M, N, O, P and Q, without including all of the thousand and more other names of qualified persons.

We perceive no error in that procedure, and certainly no injustice to the defendants. We apprehend that the reason for adopting that method was to avoid the duplication of persons within the prohibited period of one year. Certainly it appears that it was not for any invidious reason. There is no reason why a juror whose name began with a letter in

the latter half of the alphabet would not be an impartial juror and as well qualified as one taken from another part of the alphabet. The defendants suggest that the procedure adopted might possibly be made prejudicial to a defendant, but they do not say—nor even suggest—that it was injurious or prejudicial to the defendants here. The fact that the commissioners by this procedure complied with the requirement of "having regard to the just distribution of jury service among those qualified therefor in the various wards and municipalities of such county," plainly appears and is not in dispute.

We therefore think there was no irregularity in the present case, but even if there was, the general rule is that statutory provisions respecting the preparation of lists and the drawing of the panel are regarded as directory only, and that irregularities therein are no ground of challenge, unless they are such as plainly operated to prejudice the challenging party. *State* v. *Gardner,* 55 *N. J. L.* 17; *State* v. *Calabrese,* 107 *Id.* 115; *Thomp. Tr.* § 33; *Thomp. & Merr. Juries,* §§ 134, 139.

The next assignment alleges that the court erred in overruling the defendants' challenge for cause as to George A. Purcell, upon the ground of bias and prejudice in that the said juror had formed an opinion as to the guilt or innocence of the defendants and therefore could not, with conscience and discretion, try the case.

This juror testified upon his *voir dire,* among other things, as follows:

"By Mr. Wachenfeld (prosecutor of the Pleas). *Q.* Mr. Purcell, so that there can be no misunderstanding, this trial, the same as every other, is predicated in accordance with the law, and the judge who presides, which in this case happens to be Judge Brennan, gives you the law on the topic. If he tells you that there is a presumption of innocence in favor of the defendants and the burden of proving them guilty is upon the state beyond a reasonable doubt, you would follow the instructions on the law given to you by Judge Brennan? *A.* I would absolutely endeavor to, to the best of my ability, sure."

He further testified "if I felt in my mind that there was a reasonable doubt I would give it to them absolutely."

It appears that Purcell's opinion as to the guilt or innocence of the defendants was a hypothetical one, assuming the truth of all he had read in the newspapers. He admitted that it would take some evidence to overcome his opinion. He testified that except for the fact that service as a juror would inconvenience some of his employes, he knew of no reason why he could not sit and "render a proper verdict on the testimony and on the evidence as it is submitted." He testified that he had no scruples against capital punishment; that he favored capital punishment as a form of penalty where the facts warrant it. But he would "give consideration to the question of recommendation for life imprisonment upon and after consideration of all the evidence."

Now we think the testimony, considered as a whole, fails to disclose any partiality or bias such as under the decided cases disqualified the juror.

The pertinent rule is stated in *State* v. *Spencer,* 21 *N. J. L.* 196, as follows: "A declaration of opinion to disqualify a juror, therefore, must be such a one as implies malice or ill-will against the prisoner, thereby showing that the person challenged does not stand indifferent between the state and him."

That rule has been affirmed by this court in the leading case of *Wilson* v. *State,* 60 *N. J. L.* 171, wherein the testimony of the juror, whose challenge for cause was overruled, showed that he had formed an opinion, from reading the newspapers, that the defendant was guilty, and that it would take "quite strong evidence" to convince him to the contrary.

In *State* v. *Fox,* 25 *N. J. L.* 566, it was held that "the mere expression of an opinion as to the prisoner's guilt or innocence, not arising from malice or ill-will, does not disqualify the juror, and such declaration is in itself no evidence of the existence of malice or ill-will." See, also, *State* v. *Turco,* 99 *Id.* 96, to the same effect.

What is meant by "malice" is defined in the Fox case as: "* * * that state of mind, favorable or unfavorable, which

resists the influence of truth, and prevents a decision of the cause according to the weight of the evidence, without bias * * *."

It is well settled that a challenge for cause based upon the formation of an academic opinion from reading newspapers, which the juror said it would require some evidence to overcome, may be properly overruled in the absence of any evidence of the existence of malice or ill-will. *State* v. *Carlino,* 98 *N. J. L.* 48; *State* v. *Wilson,* 60 *Id.* 171; *Moschell* v. *State,* 53 *Id.* 498.

It is also well settled that the finding of the trial court upon the competency of a juror ought not to be set aside by a reviewing court, unless the alleged error is manifest. *Moschell* v. *State,* 53 *N. J. L.* 498; *Reynolds* v. *United States,* 98 *U. S.* 145.

Here we think there was no error. There was no evidence, not even the slightest, that the academic opinion that the juror had formed arose from malice or ill-will. It follows that the challenge was properly denied.

It may not be amiss to point out that this court has twice deprecated efforts to avoid the "well founded and wise" rules hereinabove repeated, and that "no departure from them should be sanctioned." *Moschell* v. *State, supra,* and *State* v. *Wilson, supra.*

The last assignment of error complains of the alleged failure of the trial judge to charge certain identical requests submitted by the defendants.

The requests were in substance that the jury must consider each case separately, there being two defendants at the same time, and that there might be a recommendation for life imprisonment as to each.

The trial judge declined to charge the requests as drafted, no doubt because he considered, and rightly so, that they were confusing and faulty in a certain respect. He did, however, charge the requests in substance and effect in so far as they were proper. He charged that "although the defendants are indicted and tried jointly, you must consider each defendant's case separately, applying the evidence in his case which

under the court's ruling was admitted as against said defendant." Since the court had already instructed the jury as to its right, upon and after consideration of all the evidence, to recommend imprisonment at hard labor for life, as to both defendants, it follows that the charge, considered as a whole, was sufficient. The rule is that it is not error to refuse requests to charge where the pertinent principles of law therein were correctly and fully presented in the charge as delivered. *State* v. *Grosso,* 107 *N. J. L.* 296; *State* v. *Genese,* 102 *Id.* 134.

The judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, DEAR, WELLS, WOLFSKEIL, JJ. 10.

*For reversal*—THE CHIEF JUSTICE, HEHER, RAFFERTY, JJ. 3.