IN THE MATTER OF THE APPLICATION OF JOHN R. LONGO TO THE NEW JERSEY SUPREME COURT FOR A WRIT OF CERTIORARI.

Submitted October 27, 1939—Decided January 25, 1940.

For the appellant, *Isserman, Isserman & Kapelsohn* (*Vito Marcantonio*, of the New York bar), (*Abraham J. Isserman*, of counsel).

For the state, *Daniel O'Regan* and *Atwood C. Wolf.*

The opinion of the court was delivered by

PERSKIE, J.   Appellant, John R. Longo, seeks to review the order of the Supreme Court which denied his application for a writ of *certiorari* to review an order allegedly entered in the Hudson County Court of Quarter Sessions which in turn denied his application to that court for a new trial on the alleged ground of newly discovered evidence.

At the outset, we desire to make certain observations concerning the record as submitted.   No copy of the order allegedly entered in the Hudson County Court of Quarter Sessions is made to appear; the copy of the order submitted (Schedule C, page 51, S. C.) is captioned in the Hudson County Court of Common Pleas; that court has no criminal jurisdiction.  *R. S.* 2:6-6.   But since the parties have treated the order as if in fact it had been entered in the Hudson County Court of Quarter Sessions, we shall so regard it.   The record is, however, otherwise fatally defective; it contains no transcript of the proofs which were adduced upon the examination of the jurors upon their *voir dire* although these proofs are necesarily determinative of the propriety of the challenged order made by the trial judge.   But be that as it may, we proceed with our consideration and disposition of this cause upon the record as submitted by the parties.

From the record so submitted, from the affirmance of appellant's conviction (more as to this later), we piece together, as best we can, the facts upon which appellant asserts that the denial of his application for a new trial, the denial of a writ of *certiorari* to review that denial, constitute an abuse of discretion on the part of both courts and *ergo* the denials are tantamount to an invasion of his fundamental rights to a trial by an impartial jury both under the Federal and State Constitutions.

Epitomizing the facts so gathered, we learn that the Hudson County Grand Jury (December term, 1937) returned an indictment (No. 109) against appellant charging him with the violation of the provisions of *R. S.* 19:34-2, in that he

filed a Democratic party primary nominating petition knowing that the same was falsely made, &c. (Source, section 434, chapter 187, *Pamph. L.* 1930, *p.* 878.)

In due season, April 8th, 1938, the sheriff and jury commissioner of Hudson county drew two hundred and four names from the master panel of one thousand two hundred and twenty-four names of prospective jurors for the April, 1938, term of court. The two hundred and four so chosen were to serve in the several courts of the county for a two-week period during the stated term, beginning on April 19th, 1938. Pursuant to order of court, the first one hundred and two jurors of the two hundred and four jurors drawn were to serve in the criminal courts and the remaining one hundred and two were to serve in the civil courts. The list of the names so drawn was promptly filed in the county clerk's office and available to appellant, and all others in interest. Thus appellant and his counsel were afforded every opportunity before trial to make inquiry and gain information which they required for the purpose of making peremptory challenges and challenges for cause. (*Cf. Clifford* v. *State,* 61 *N. J. L.* 217, 223; 39 *Atl. Rep.* 721; *State* v. *Palmieri,* 93 *N. J. L.* 195, 199; 107 *Atl. Rep.* 407.)

At the outset of the trial, which commenced on April 27th, 1938, at the Hudson County Court of Quarter Sessions, appellant interposed a general challenge against all prospective jurors on the ground of bias and prejudice. Notwithstanding the general ground of the challenge, the trial judge allowed counsel for appellant to examine each juror on his *voir dire.* That testimony is not before us. We do, however, know that the trial judge correctly held that counsel for appellant improperly asked each juror whether (a) he participated in the last primary election, and (b) whether he was a member of any political organization. See *State* v. *Longo,* 121 *N. J. L.* 427; 3 *Atl. Rep.* (2d) 127. We also know that there is nothing in the record as submitted to indicate any dissatisfaction with the personnel of the jury as finally selected.

Appellant's trial ended on May 7th, 1938. He was found guilty as charged and has since served the sentence of nine months imprisonment which was imposed upon him.

From that judgment of conviction appellant appealed to our Supreme Court. In that case he argued, *inter alia,* that his conviction should be set aside because the trial judge fell into reversible error when he sustained the objection to the aforesaid two questions propounded to each juror upon his examination *voir dire.* The Supreme Court concluded the point to be without merit. In reaching that conclusion it said—in part—"* * * Mere membership in the democratic party and participation in the primary election should hardly indicate bias or prejudice against one accused of filing a nomination petition for primary election knowing the same to be falsely made." * * * "Since most of the citizens of this state are members of one or the other of the leading political parties we fail to see how a jury could be impaneled to try a violation of the Election law if mere membership in one or the other of the political parties should be regarded as evidence of bias and prejudice in the performance of a public duty." Accordingly, the Supreme Court, on December 22d, 1938, affirmed appellant's conviction. *State* v. *Longo, supra.* From that affirmance there has been no appeal.

Bearing in mind what has already been written, we now turn to the verified petition, &c., which appellant filed in the Hudson County Court of Quarter Sessions, on June 1st, 1938, in support of his application for a new trial on the alleged ground of newly discovered evidence. That evidence is largely, if not entirely, based upon an investigation which appellant says he caused to be made, after his trial and conviction, concerning the alleged bias or prejudice of the jurors who sat in judgment in this cause. (*Cf. Plaskon* v. *National Sulphur Co.,* 114 *N. J. L.* 109, 110; 176 *Atl. Rep.* 112; *Paradise* v. *Great Eastern Stages, Inc.,* 114 *N. J. L.* 365, 367; 176 *Atl. Rep.* 711.)

Generally stated, the petition alleges, in substance, that appellant opposed "within the Democratic Party in Hudson County" the major faction of that party in control; that as a result thereof he "incurred the enmity" of that faction, and that each of four jurors who sat in judgment in this case gave false answer when examined upon his *voir dire.* The false answer in one instance is said to be that a juror denied

that he was related "to any public officer;" in another instance, that one of the jurors denied that he had any relatives who were "officers of the county;" in another instance, that one of the jurors denied that he had any relatives who were "public officials in the city or county" and in one instance, that one juror falsely testified as to his place of employment.

Additionally, the petition alleges that each of five other jurors who likewise sat in judgment in this case also failed to disclose the fact that each had close friends or relatives who either held office, position or employment under administrative bodies of Jersey City or Hudson county; that as a result thereof they were so biased and prejudiced against appellant that they could not possibly render an honest or legal verdict against him.

In answer to these allegations, the state produced an answering affidavit of each and every juror who sat in judgment in this cause. Without detailing the contents of each affidavit, it will suffice to observe that each juror so accused denied that he gave a false answer to any question put to him. On the contrary, each asserted that he gave a truthful answer to every question put to him; that the questions claimed to have been falsely answered were not in fact asked. Each denied any prejudice, bias, or ill will or malice toward appellant. Each asserted that he rendered a conscientious verdict in accordance with the proofs and with the oath which he had taken.

In addition thereto the court was supplied with an affidavit by the jury commissioner setting forth in detail (as already pointed out) how the jurors were drawn and how appellant and his counsel had ample time, by the exercise of ordinary diligence, to have presented the alleged newly discovered evidence at the trial.

In this posture of the proofs, with the knowledge fresh in his mind as to what proofs were in fact adduced at the examination (we are told that the trial judge was supplied with a transcript thereof), the trial judge, on July 1st, 1938, in the exercise of his sound discretion denied the application.

Thereafter, on September 17th, 1938, application was made to the Chief Justice for a writ of *certiorari* to review the

denial of appellant's application for a new trial by the trial judge. That application was denied but with leave for appellant to renew his application to the Supreme Court at the opening of the October term, 1938.

In accordance with leave so granted, appellant renewed his application to the Supreme Court. That court, after examining the proofs, concluded that it was without merit. Additionally, it concluded that the order, and the extent, thereof, if reviewable at all was reviewable by writ of error and not by *certiorari* and, accordingly, denied the application. *In re Longo,* 122 *N. J. L.* 108; 4 *Atl. Rep.* (2d) 15. It is the propriety of that disposition that is here challenged.

We do not find it necessary, for reasons presently stated, to express any opinion (and do not do so) as to whether the procedure should have been by writ of error or by writ of *certiorari.*

It is altogether settled that the question as to whether or not a mistrial shall be declared or a new trial granted is a matter within the discretion of the trial court. *State v. Schuck,* 96 *N. J. L.* 154; 114 *Atl. Rep.* 562; *State v. Martin,* 102 *N. J. L.* 388, 394; 132 *Atl. Rep.* 93. The discretion exercised must be a "sound discretion guided by law. It must be governed by rule of law not by humor. It must not be arbitrary, vague and fanciful, but legal and regular." *Cf. State v. Then,* 114 *N. J. L.* 413, 416; 177 *Atl. Rep.* 87. And it is equally well settled that the exercise of discretionary authority will not be reviewed either on error or *certiorari,* unless it has been clearly abused. *Cf. State v. Wood,* 23 *N. J. L.* 560; *State v. Vandervere,* 25 *Id.* 669; *State v. Black,* 20 *Atl. Rep.* 255; *affirmed,* 53 *N. J. L.* 452; 23 *Atl. Rep.* 1081; *State v. Potter,* 83 *N. J. L.* 428; 85 *Atl. Rep.* 216; *affirmed,* 85 *N. J. L.* 388; 91 *Atl. Rep.* 1071; *State v. Lynch,* 103 *N. J. L.* 64; 134 *Atl. Rep.* 760; *State v. Then, supra.* The rule is the same in civil actions (see *Wright v. Green,* 11 *N. J. L.* 334; *Albert v. Hart,* 44 *Id.* 366; *Smith v. Livezy,* 67 *Id.* 269; 51 *Atl. Rep.* 453; *Mitchell v. Erie R. R. Co.,* 70 *N. J. L.* 181; 56 *Atl. Rep.* 236; *Marcus v. Graver,* 71 *N. J. L.* 95; 58 *Atl. Rep.* 564; *Hoffman v. Maloratsky,* 112 *N. J. Eq.* 333; 164 *Atl. Rep.* 360; *La Bell v. Quasdorf,* 116

*N. J. L.* 368; 184 *Atl. Rep.* 750). The proofs must show the "plainest abuse of discretion." *Heuser* v. *Rothenberg,* 123 *N. J. L.* 319; 8 *Atl. Rep.* (*2d*) 391.

No more need be said on the point that we make no adjudication without proper legal proofs in support thereof. We have searched the record in vain for proper, legal proofs to support the tenuous claim made that some of the jurors swore falsely when examined upon their *voir dire;* it simply is not present.

Now appellant further claims that five other jurors withheld the fact that they had friends or relatives (near or distant) who held office, position or employment under administrative bodies of Jersey City or Hudson county and therefore they, too, were—without more—prejudiced, biased, inspired with ill will and malice toward appellant merely because he (appellant) was opposed politically to those in charge of those administrative bodies. The mere assertion of a claim is no proof of the truth thereof, and here again there is no proof to support the claim that any juror was biased or prejudiced, *i. e.,* harbored any malice or ill will toward appellant. *State* v. *Fox,* 25 *N. J. L.* 566; *State* v. *Simmons,* 120 *Id.* 85; 198 *Atl. Rep.* 294. Nor is there any proof to support appellant's claim that his right to a fair trial by an impartial jury was denied him. On the contrary, as we have already seen, the proofs fully support the conclusion, and we so hold, that every right of appellant to such a trial was vouchsafed unto him with meticulous care and fairness. Under such circumstances he has no just cause to complain. *State* v. *Garzio,* 113 *N. J. L.* 349; 175 *Atl. Rep.* 98; *affirmed,* 116 *N. J. L.* 189; 183 *Atl. Rep.* 166.

The trial court did not abuse its sound discretion in denying appellant's application for a new trial and the Supreme Court did not abuse its discretion in denying his application for a writ of *certiorari.*

Accordingly, the appeal is dismissed, with costs.

*For dismissal*—THE CHANCELLOR, TRENCHARD, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL. RAFFERTY, JJ. 10.